**Stanley Michael DAVIS, Plaintiff-Appellant,**

v.

**ILLINOIS CENTRAL RAILROAD CO., Defendant-Appellee.**

No. 16554.

United States Court of Appeals Sixth Circuit.

April 29, 1966.

Marvin J. Brode, Memphis, Tenn., for appellant.

Jesse E. Johnson, Jr., Memphis, Tenn., Burch, Porter & Johnson, Memphis, Tenn., of counsel, for appellee.

Before EDWARDS, Circuit Judge, McALLISTER and CECIL, Senior Circuit Judges.

PER CURIAM.

Plaintiff appeals from an adverse jury verdict in a Federal Employers' Liability Act[1] case.

Plaintiff was injured when struck from behind by a freight car which had been "humped" down another track while he was directing an engineer in a switching operation on the track he was facing.

Plaintiff's claims as to defendant's negligence were: First, failure of a fellow employee who was in charge of the crew which "humped" the freight car which struck plaintiff to see and warn plaintiff; second, failure of the engineer to whom plaintiff was giving directions to see the danger and warn plaintiff of it; third, failure of the company after notice to replace lights which were out in the yard affecting the area in question, and fourth, allegation of debris creating bad footing upon which plaintiff sought to depend in his testimony at trial for an ill-defined turn or slip just before the freight car struck him.

As to the first three of these, the facts and inferences bearing on negligence were in direct controversy. There was certainly evidence from which as to any one of these the jury could have found for plaintiff; but there also was evidence as to each issue from which the jury could (as it did) find for defendant.

As to the fourth issue, plaintiff had himself given two statements which conflicted with his testimony at trial to such a degree that the jury could have disbelieved his claim of bad footing.

There is no doubt that plaintiff was seriously injured in the course of his employment. Congress has not, however, seen fit to provide a workmen's compensation statute for railroad employees.

The history and interpretation of the F. E. L. A. shows conclusively that it is *not* a workmen's compensation act, that the element of proof of fault on the part of the employer is necessary to

---

1. 35 Stat. 65 (1908), as amended, 45 U.S.C. §§ 51–60 (1964).

recovery, and that what injured railroad men have won in this legislation is a right to present their claims that the injuries arose *in whole or in part* from the negligence of the employer in a fairly conducted jury trial. Wilkerson v. McCarthy, 336 U.S. 53, 69 S.Ct. 413, 93 L.Ed. 497 (1949); Rogers v. Missouri Pacific R. R., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957); Griffith, The Vindication of a National Public Policy under the Federal Employers' Liability Act, 18 Law and Contemp. Prob. 160 (1953).

We believe that this record discloses that this was such a trial.

We find no abuse of discretion or prejudicial error in the rulings of the District Judge.

Affirmed.