**Guy E. MORRISON, Plaintiff-Appellant,**

v.

**The NEW YORK CENTRAL RAILROAD COMPANY, Defendant-Appellee.**

**No. 16584.**

United States Court of Appeals
Sixth Circuit.

May 23, 1966.

Robert M. Dudnik, Cleveland, Ohio, S. F. Komito, Marshall I. Nurenberg, Dudnik, Komito, Nurenberg, Plevin, Dempsey & Jacobson, Cincinnati, Ohio, Robert M. Brown, Sharts, Singer & Brown, Dayton, Ohio, on brief, for appellant.

Rowan A. Greer, Dayton, Ohio, Bieser, Greer & Landis, Dayton, Ohio, on brief, for appellee.

Before EDWARDS and CELEBREZZE, Circuit Judges, CECIL, Senior Circuit Judge.

EDWARDS, Circuit Judge.

This is another plaintiff's appeal from an adverse jury verdict in a Federal Em-

ployers' Liability Act[1] case where on a record containing disputed facts and inferences the jury could plainly have found for plaintiff—but didn't. Davis v. Illinois Central R. R. Co., 359 F.2d 780. (C.A. 6, 1966); see also Ganotis v. New York Central R. R., 342 F.2d 767 (C.A. 6, 1965).

In this case plaintiff, in the course of his duties as a yard brakeman on a night shift, backed, or stepped sideways, and tripped over an unlighted switch stand thus sustaining injuries. His claim is that the stand was not lighted as it should have been. The record discloses, however, that he knew of the existence of the switch stand, had operated it before, and that he had a lantern in his hand with which he could have seen the switch if he had been using the lantern and looking. No appellate issue pertaining to the jury's view of the facts is brought to us on appeal.

At trial plaintiff's counsel made no objection to the charge to the jury given by the trial judge. But in this court appellant claims fundamental error which this court has a right to notice (in spite of lack of objection) in two portions of the Judge's charge: the definition of proximate cause, and the definition of contributory negligence.

■ The proximate cause definition found in the Judge's charge is a standard one for negligence actions. And appellant does not contend herein that this court was in error in Ganotis v. New York Central R. R., supra, in holding that a proximate cause charge was proper in an F.E.L.A. case. It appears to us that the essence of appellant's contention is that the charge failed to employ the language used by the United States Supreme Court in the Rogers opinion: "[W]hether negligence of the employer played any part, however small, in the injury * * *." Rogers v. Missouri Pacific R. R., 352 U.S. 500, 508, 77 S.Ct. 443, 449, 1 L.Ed.2d 493 (1957).

■ In this regard appellant cites to us Judge Mathes' suggested charge dealing with proximate cause in an F.E.L.A. case:

"An injury or damage is proximately caused by an act, or failure to act, whenever it appears, from a preponderance of the evidence in the case, that the act or omission played any part, no matter how small, in bringing about or actually causing the injury or damage. So, if you should find, from the evidence in the case, that any negligence of the defendant contributed, in any way or manner, toward any injury or damage suffered by the plaintiff, you may find that such injury or damage was proximately caused by the defendant's act or omission." Mathes and Devitt, Federal Jury Practice and Instructions, § 84.12 (1965).

While this court believes that the Mathes' charge is a somewhat clearer expression of the congressional amendment of 1939,[2] and the interpretation of same in Rogers v. Missouri Pacific R. R., supra, we cannot hold that the charge as given in this case is "clear error." Rule 51, Fed.R.Civ.P. provides:

"No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. * * *"

Neither Rogers v. Missouri Pacific R. R., supra, nor Page v. St. Louis Southwestern Ry., 312 F.2d 84, 98 A.L.R.2d 639 (C.A. 5, 1963),[3] is appropriate authority for the relief appellant seeks here where appellant neither provided a suggested charge to cover the point in question or objected to the charge as given.

More important, perhaps, is the added fact that the District Judge did employ

---

1. 35 Stat. 65 (1908), as amended, 45 U.S.C. §§ 51–60 (1964).

2. 53 Stat. 1404 (1939).

3. For subsequent history of this litigation, see Page v. St. Louis Southwestern Ry., 349 F.2d 820 (C.A.5, 1965).

the exact crucial words of the 1939 amendment, 45 U.S.C. § 51:

"If you find by a preponderance of the evidence, considering all the facts and circumstances of this case as shown by the evidence, the defendant failed to fulfill its duty to exercise reasonable care to furnish plaintiff a safe place to work and that such failure proximately contributed *in whole or in part* to cause plaintiff's injuries, then your verdict will be for the plaintiff." (Emphasis added.)

We find no error in that portion of the charge where the District Judge told the jury that if they found plaintiff's own negligence was the sole proximate cause of his injuries that they should find for defendant. See Rogers v. Missouri Pacific R. R., supra, 352 U.S. at 504–505, 77 S.Ct. 443.

Reviewing the charge as a whole, we find no reversible error. Rule 51 Fed. R.Civ.P. Nor do we believe that the District Judge abused his discretion or prejudiced appellant's cause in overruling appellant's objections to the cross-examination of one of appellant's witnesses. Rule 61 Fed.R.Civ.P.

Affirmed.