Lawrence Wayne **TYREE**, Plaintiff-Appellant,

v.

The **NEW YORK CENTRAL RAILROAD COMPANY**, Defendant-Appellee.

No. 17200.

United States Court of Appeals Sixth Circuit.

June 30, 1967.

Certiorari Denied Dec. 18, 1967.

See 88 S.Ct. 589.

Robert M. Dudnik, Cleveland, Ohio, for appellant, Marshall I. Nurenberg, Dudnik, Komito, Nurenberg, Plevin, Dempsey & Jacobson, Cleveland, Ohio, on brief.

Rowan A. Greer, Dayton, Ohio, for appellee, Bieser, Greer & Landis, Dayton, Ohio, on brief.

Before WEICK, Chief Judge, McCREE, Circuit Judge, and McALLISTER, Senior Circuit Judge.

McALLISTER, Senior Circuit Judge.

Lawrence Wayne Tyree, appellant, an employee of The New York Central Railroad Company, filed his complaint against the company, embodying two causes of action, based on the Federal Employers' Liability Act, Title 45 U.S.C.A. § 1 et seq.

He founded his first cause of action on Section 2 of the Act, which imposes an absolute duty on a railroad carrier to use in its operation only such railroad cars as are equipped with an automatic coupler, which is manipulated, for certain purposes, by raising a cutting lever. Appellant Tyree claimed that he had been injured on May 16, 1960, when the cutting lever of the coupler broke while he was using it for the purposes intended. There is no need to go further into this aspect of the case, since appellant was awarded a verdict in the amount of $5,000 on this first cause of action, and the judgment entered thereon has now been satisfied.

On the second cause of action, appellant claims that on June 29, 1960, while working as a yard conductor for the Railroad on an industrial switching job for the Frigidaire Plant of General Motors Corporation at Moraine, Ohio, he was injured by reason of being required to perform work duties on a loading dock at the Frigidaire Plant, at a time when freight stacked in bundles was caused, through the negligence of the defendant railroad company, to topple and fall against him, forcing him against the side of a standing switch engine. On this second cause of action, the jury found in favor of the Railroad against appellant Tyree. The only question before us on this phase of the case is whether the

trial court committed error in its instructions to the jury.

Title 45 U.S.C.A. Sec. 51 provides:

"Every common carrier by railroad while engaging in [interstate] commerce * * *, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, * * * for such injury * * * resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, * * * or other equipment."

In Rogers v. Missouri Pacific R. Co., 352 U.S. 500, 506, 507, 77 S.Ct. 443, 1 L.Ed.2d 443, 448, 449, the Court, in passing upon the question of an employer's negligence under the Act, said:

"Under this statute the test of a jury case is simply *whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought.* It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes, including the employee's contributory negligence. Judicial appraisal of the proofs to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, *the conclusion may be drawn that negligence of the employer played any part at all in the injury or death.*" (Emphasis supplied and citations omitted.)

■ At the close of the evidence in the instant case, appellant's counsel submitted to the trial court the following special request to charge, which has come to be known as the Mathes and Devitt Instruction [1] and which was discussed by Judge Edwards in Morrison v. New York Central Railroad Company, 361 F.2d 319:

"An injury or damage is proximately caused by an act, or failure to act, whenever it appears, from a preponderance of the evidence in the case, that the act or omission played any part, no matter how small, in bringing about or actually causing the injury or damage. So, if you should find, from the evidence in the case, that any negligence of the defendant contributed, in any way or manner, toward any injury or damage suffered by the plaintiff, you may find that such injury or damage was proximately caused by the defendant's act or omission."

The district court did not give the requested charge.

However, in its charge to the jury, the court commenced its instructions by saying:

"Now to get into another section of the Federal Employers' Liability Act. And that is Title 45 Section 51 and it reads:

" 'Every common carrier by railroad while engaging in [interstate] commerce, * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, * * * for such injury * * * *resulting in whole or in part* from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, * * * or other equipment.' " (Emphasis supplied.)

Considered as a statement of law, the foregoing could not be subject to complaint inasmuch as it specifically told the jury exactly what the statute provided: that the Railroad would be liable in damages to an employee suffering injury *resulting in whole or in part* from the negligence of any of the officers,

---

1. Federal Jury Practice and Instructions,
   Mathes and Devitt
   West Publishing Co., 1965 (p. 517)

agents, or employees of the Railroad. The court then stated to the jury:

"Now when we get to the discussion of the second cause of action we have three questions for your consideration. First, whether the defendant, that is the railroad company, was negligent as claimed by the plaintiff in his Complaint; second, whether such negligence, if any, either in whole or in part proximately caused the injuries of which plaintiff complains; third, was the plaintiff himself guilty of negligence or any act of negligence which is termed contributory negligence which is the sole cause of injuries or which directly and proximately contributed thereto in any degree; * *."

All of the charge up to this point is clearly correct.

The chief complaint of appellant is that the court, during its charge, stated to the jury the following:

"Proximate cause—and I told you this definition, too, applies to the first cause of action—proximate cause of the injury is that which in natural and continuous sequence unbroken by any efficient intervening cause produces the injury and without which it would not occur. In simpler terms, it is the direct and counterdistinction from the remote cause of any injury. Proximate cause does not necessarily mean the cause nearest in point of time or in point of distance but it does mean that cause without which the injury would not have occurred."

The foregoing is the language embodying the traditional concept of proximate causation, rather than the language of causation which appears in the Federal Employers' Liability Act, in which it is stated that the employer is liable if the injury results in whole or in part from its negligence.

■ Whatever may be said about the foregoing statement of the trial court as tending to be foreign to the simpler test set forth in Rogers v. Missouri Pacific R. Co., supra, we must consider the whole of the court's charge to ascertain whether the court misled the jury into applying the traditional common law standard of proximate cause, instead of the statutory standard of legal causation established by Congress in cases coming under the Federal Employers' Liability Act in which the employee is entitled to recover if employer negligence played any part, even the slightest, in producing the injury.

Judge Martin, in speaking for this court, said in Spaeth v. United States, 232 F.2d 776, 777, C.A. 6, "that a reviewing court should not pick out one erroneous paragraph of a long charge and reverse upon it, if, upon consideration of the entire charge, it appears that the jurors were correctly instructed as to the applicable law in such manner as to leave no confusion in their minds."

■ In 53 Am.Jur.—Trial—Section 842, the general rule is well stated: "In considering the correctness and adequacy of a charge to the jury, it should be taken as a whole and read in its entirety; that is, each instruction must be considered in connection with others of the series referring to the same subject and connected therewith, and if, when taken together, they properly express the law as applicable to the particular case, there is no just ground of complaint, even though an isolated and detached clause is in itself inaccurate, ambiguous, incomplete, or otherwise subject to criticism." Cited in support of the foregoing rule is Patapsco Insurance Co. v. Southgate, 30 U.S. 602, 621 (5 Pet.), 8 L.Ed. 243.

In Sessoms v. Union Savings & Trust Company, 338 F.2d 752, 758, C.A. 6, the court quoted the following rule, from 89 C.J.S.—Trial—§ 441: "A correct instruction will cure the error in another only where the instructions, as a series, state the law correctly, and it is evident that no harm has been done by the erroneous instruction."

In keeping with the foregoing enunciations of the rule, and more particularly applicable to the instant case, is the following statement from 53 Am.Jur.—Trial—Section 838: "Applying the rule as to cure of erroneous instructions by

other instructions, it has been held that an instruction likely to mislead the jury may be cured by others covering the same point in a clear and concise manner, and that an instruction which, taken by itself, is ambiguous and in one view erroneous will be cured by another qualifying it if it is apparent that the jury could not have been misled thereby. Thus, it has been declared, where a court at the conclusion of a charge returns to a subject considered earlier and gives additional instructions in regard to it, that the jury may naturally regard them, so far as they may state a new and different rule, to be intended to qualify as a last word what has been previously said, and will be presumed to have accepted them as controlling."

It is, then, to be said that in addition to those portions of the charge, which we have heretofore mentioned as indubitably proper, the court in a further discussion of causation of accidents to railroad employees, instructed the jury as follows:

"When a railroad employee's injuries are *caused in whole or in part* by the fault of others performing operational activities of its employer, such others are agents of the employer within the meaning of Section I of the Federal Employers' Act." (Emphasis supplied.)

The court further stated in discussing proximate cause in the instant case:

"If you find by a preponderance of the evidence, considering all the facts and circumstances in this case as shown by the evidence the defendant failed to fulfill its duty to exercise reasonable care to furnish plaintiff a safe place of work and that such failure proximately contributed *in whole or in part* to cause plaintiff's injuries then your verdict is for the plaintiff." (Emphasis supplied.)

The court then instructed that "if the employee's negligence concurred with the railroad's negligence proximately causing the injury, the employee is still entitled to recover a verdict. * * * If you find

that the plaintiff and the defendant were guilty of negligence and the negligence of both proximately contributed to bring about the injury sustained by the plaintiff, you will compare the negligence of the plaintiff and the negligence of the defendant and the amount of recovery should be diminished in proportion to the amount of negligence contributable [attributable] to the plaintiff."

In seeking further to clarify the subject for the jury, the trial court then gave an illustration to show the damages to which a plaintiff might be entitled even though he were guilty of contributory negligence.

Finally, in summing up the whole case as far as the defendant's negligence was concerned, as well as any possible negligence on the part of the plaintiff, the trial court said:

"Now what do you say after a full, fair and impartial consideration of all of the evidence in this case? Was the defendant negligent? Whether such negligence, if any, *either in whole or in part* proximately caused the injury of which he complains? Was the plaintiff himself guilty of negligence, or any act of negligence, which was the sole cause of his injuries or directly and proximately contributed thereto in any degree. In the event that your verdict should be for the plaintiff you award to him, subject to the Court's instructions already given to you, such damage as in your judgment will fairly and reasonably compensate him for whatever injury, if any, you find he has sustained." (Emphasis supplied.)

■ Assuming as erroneous the court's instruction to the jury, on a single occasion as previously mentioned, in language embodying the traditional concept of proximate causation, whereas the applicable standard in this case is that prescribed by the Federal Employers' Liability Act, in which the employee is entitled to recover if employer negligence played any part, even the slightest, in causing the injury, nevertheless, the court's repeated instructions on proximate cause which fully complied with the statute,

comprising, among others, its opening statement, quoting the statute, and its concluding observation, and final instruction on causation, emphasizing that if the defendant's negligence, in whole or in part, caused the accident, plaintiff would be entitled to recover, constrain us to conclude that the error complained of was harmless; that it was cured by all of the other instructions that complied with the statute; and that the court's prior statement of the traditional common law standard of proximate cause did not constitute reversible error.

It should be mentioned that, at the conclusion of the proofs, appellant excepted to the failure of the trial court to give the requested instruction, heretofore mentioned, in which the court was asked to charge the jury that "if you should find, from the evidence, in this case, that any negligence of the defendant contributed, in any way or manner, toward any injury or damage suffered by the plaintiff, you may find that such injury was proximately caused by the defendant's act or omission."

■ The trial judge disregarded this request and exception on the ground, apparently, that he had already charged the jury to this effect in his prior instructions, embodying the same rule in somewhat different language; and we agree with such conclusion.

■ However, it is to be said that since the definition of "proximate cause" has proved the source of difficulty in this case, and while it would have been proper to give the Mathes and Devitt instruction as requested by appellant, nevertheless, it would be better in Federal Employers' Liability Act cases if no mention of proximate cause whatever was made to the jury and, following the views of the Supreme Court as expressed in Rogers v. Missouri Pacific R. Co., supra, that the jury be instructed on the subject of causation to the effect that if employer negligence played any part, even the slightest, in producing the injury, the employer is liable in damages, and that if the employee's negligence contributed in part to the injury, the negligence of the employer and employee be compared, and the amount of recovery be diminished in proportion to the amount of the employee's negligence. This would remove the troublesome phrase of proximate cause from Federal Employers' Liability Act cases.[2]

Other contentions raised on appeal, we find not meritorious.

In accordance with the foregoing, the judgment of the district court is affirmed.

WEICK, Chief Judge (concurring in judgment).

I agree that the Court reached the correct result in deciding that the instructions of the trial court to the jury should be considered as a whole and when so considered they were not prejudicially erroneous. This should be sufficient to decide the case.

2. The Supreme Court in Rogers v. Missouri Pacific R. Co., supra, was obviously avoiding use of the phrase "proximate cause," and under the Federal Employers' Liability Act, considered that it was justified in doing so. For it is an unclear and confusing phrase at best, as illustrated in the general and unquestionable statement in 65 C.J.S. Negligence § 103:

" 'Proximate cause' has proved to be an unsatisfactory and troublesome phrase. It is a legal concept with a particular meaning in the law, but is difficult to define, and does not fall in that class of words or phrases where the meaning is commonly known and understood by the lay public. It is merely a limitation which the courts have placed upon a person's responsibility for the consequences of his conduct.

"Literally, the proximate cause is the cause nearest to the effect produced, but in the law of negligence the term is not confined to its literal meaning; nor is it the same as proximate cause in logic, philosophy, or metaphysics, although it has been said to be akin to what is called an 'efficient cause' in logic";

and in 38 AmJur § 50:

"The great variety in both form and content of definitions of proximate cause attests the difficulty which is experienced in attempting to formulate a workable definition of this term. No definition of proximate cause can be altogether clarifying or satisfactory, since, inevitably, terms used in the definition will themselves require definition."

I do not agree that proximate causation, which is an essential ingredient of liability in all negligence cases, is dispensed with in actions brought under the Federal Employers' Liability Act. Even though a defendant in such an action is liable where the injury results from his negligence, either wholly or in part, such negligence in my opinion must be *a* proximate cause of the injury in order to warrant recovery. Plaintiff may not recover if his own negligence was *the* sole proximate cause of his injury. Neither may plaintiff recover where there was negligence on the part of the defendant if that negligence was not *a* proximate cause of such injury.