**August John HAUSRATH, Plaintiff-Appellant,**

v.

**The NEW YORK CENTRAL RAILROAD COMPANY, Defendant-Appellee.**

**No. 18156.**

United States Court of Appeals
Sixth Circuit.

Sept. 10, 1968.

---

Samuel T. Gaines, Cleveland, Ohio, for appellant; Harold H. Sayre, Metzenbaum, Gaines, Krupansky, Finley & Stern, Cleveland, Ohio, on brief.

John F. Dolan, Cleveland, Ohio, for appellee; Thomas R. Skulina, Cleveland, Ohio, on brief.

Before PHILLIPS, EDWARDS and McCREE, Circuit Judges.

EDWARDS, Circuit Judge.

Appellant appeals from an adverse jury verdict in his suit against his employer, The New York Central Railroad Company, under the Federal Employers' Liability Act (FELA).[1] Appellant's claim was that he suffered a heart attack on November 7, 1963, while working on the air compressor inside a diesel locomotive compartment because of the negligence of appellee in failing to provide a reasonably safe place to work. The negligence alleged was that the diesel engine had not been shut down and allowed to cool before appellant was assigned to work on it.

Appellant's principal witness testified that the engine must have been running ten to twelve hours and that the heat in the engine compartment was 130 degrees or more. Appellee's evidence was designed to impeach this witness and tended to show that the engine in question had been running for only a short time on the date in question and that the temperature in the engine compartment could not have been that hot.

The District Judge, after hearing this and other disputed testimony, properly decided that the evidence presented questions for the jury. In submitting the case to the jury, however, he stated the law erroneously in relation to an important aspect of the Federal Employers' Liability Act. We reverse for new trial.

The FELA provides in part that: "Every common carrier * * * shall be liable in damages to any person suffering injury while he is employed by such carrier * * * for such injury * * * resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment." [2]

The District Judge's charge to the jury appropriately employed the critical portion of the statute quoted above:

"This action has been brought under the law of the United States, known as the Federal Employers' Liability Act. Under this law or act it is provided, in substance, that every common carrier by railroad, while engaging in commerce between any of the several states, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce if such injury has resulted in whole or in part from the negligence of any of the officers, agents, or employees of such carrier."

The District Judge then interpreted the statute as follows:

"This means that the Plaintiff is not entitled to recover from the Defendant merely because he suffered an injury or heart attack.

"In order for the Plaintiff to recover from the Defendant railroad company here it is necessary under the terms of this act that the Plaintiff prove by the preponderance of the evidence in the case, and preponderance means the greater weight of the evidence, that the Defendant railroad company, acting through its agents and employees, was negligent, and that such negligence of the Defendant railroad company was the direct and proximate cause of the sickness claimed to have been sustained by the Plaintiff. And proximate cause means the closest cause, the direct cause, the cause but for which this would never have happened in the first place."

Subsequently in the charge he employed the phrase "*the* proximate cause" or "*the* direct cause" or "*the* real cause" 15 times in similar context.

---

1. 45 U.S.C. §§ 51–60 (1964).

2. 45 U.S.C. § 51 (1964).

■ Even in an ordinary negligence action, where the standards are set by the common law, such an instruction would generally be regarded as reversible error. There may, of course, be more than one proximate cause. If the negligence of a defendant in such a proceeding is a proximate cause, this is sufficient ground for recovery (assuming, of course, the presence of all other essential factors). Barringer v. Arnold, 358 Mich. 594, 101 N.W.2d 365 (1960); Restatement (Second), Torts § 431 (1966); W. Prosser, Torts § 41 (3d ed. 1964); 2 F. Harper & F. James, Jr., The Law of Torts § 20.2 (1956).

■ The proceeding currently under review, however, is brought under a federal statute wherein Congress deliberately adopted a negligence standard different from that of the common law. The phrase "resulting in whole or in part" was obviously designed to make even more explicit that negligence of an employer did not have to be the sole cause or "*the* proximate cause" of the injury in order to justify recovery.

The United States Supreme Court has given us specific interpretations of the FELA language which we have quoted. These interpretations are binding upon the district courts and upon us:

"The Missouri court's opinion implies its view that this is the governing standard by saying that the proofs must show that 'the injury would not have occurred but for the negligence' of his employer, and that '[t]he test of whether there is causal connection is that, absent the negligent act the injury would not have occurred.' That is language of proximate causation which makes a jury question dependent upon whether the jury may find that the defendant's negligence was the sole, efficient, producing cause of injury.

"Under this statute the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes, including the employee's contributory negligence. Judicial appraisal of the proofs to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death. Judges are to fix their sights primarily to make that appraisal and, if that test is met, are bound to find that a case for the jury is made out whether or not the evidence allows the jury a choice of other probabilities. The statute expressly imposes liability upon the employer to pay damages for injury or death due 'in whole or *in part*' to its negligence. (Emphasis added.)

"The law was enacted because the Congress was dissatisfied with the common-law duty of the master to his servant. The statute supplants that duty with the far more drastic duty of paying damages for injury or death at work due in whole or in part to the employer's negligence." Rogers v. Missouri Pacific R. R., 352 U.S. 500, 506–07, 77 S.Ct. 443, 449, 1 L.Ed.2d 493 (1957). (Footnotes omitted.)

■ The FELA phrase "resulting in whole or in part" from the employer's negligence, of course, requires a jury finding of causal relationship.

■ In Morrison v. New York Central R. R. Co., 361 F.2d 319 (6th Cir. 1966), one panel of this court cited the Mathes and Devitt instruction which defined cause for FELA purposes by employing the interpretative language of the *Rogers* case:

"An injury or damage is proximately caused by an act or failure to act, whenever it appears, from a preponderance of the evidence in the case, that the act or omission played any part, no matter how small, in bringing

about or actually causing the injury or damage. So, if you should find, from the evidence in the case, that any negligence of the defendant contributed, in any way or manner, toward any injury or damage suffered by the plaintiff, you may find that such injury or damage was proximately caused by the defendant's act or omission. Mathes and Devitt, Federal Jury Practice and Instructions, § 84.-12 (1965)." Morrison v. New York Central R. R. Co., supra at 320.

In Tyree v. New York Central R. R. Co., 382 F.2d 524 (6th Cir.), cert. denied, 389 U.S. 1014, 88 S.Ct. 589, 19 L. Ed.2d 659 (1967), another panel of this court criticized the sort of proximate cause language which occasions our reversal of this case. Indeed, two members of the court expressed the view that "it would be better in Federal Employers' Liability Act cases if no mention of proximate cause whatever was made to the jury." Tyree v. New York Central R. R. Co., supra at 529.

In both *Morrison* and *Tyree*, however, the court concluded that in spite of erroneous language in the charge, the charge taken as a whole contained sufficient emphasis upon the "in whole or in part" principle of the statute so that reversal for new trial was not required.

This, however, is not the situation in this case. As we read the judge's charge here, while he did employ the "in whole or in part" language of the statute once, he immediately interpreted this language as requiring proof that the employer's negligence was *the* proximate cause of appellant's injury. And as we have noted, this emphasis was continued throughout the charge.

■ We do not seek to provide mandatory language for judicial charges in FELA cases. Different fact situations require different approaches. And we trust trial judges will always have somewhat differing styles. But since Congress has deliberately established a more protective principle for railroad employees than that of the common law, it is reversible error for a judicial charge to fail to employ and emphasize both the "in whole or in part" causal language of the statute and the interpretative language of the Supreme Court in the *Rogers* case.

Since what we have said occasions reversal for new trial, other appellate issues can be briefly dealt with. Appellant complains that the judge's charge misstated appellant's theory of the case and some of the pertinent evidence. Our comparison of the charge and the record supports this complaint in some respects. But since the case will be retried, we find no need to spell out errors which doubtless will not be repeated.

■ We do not need to determine either in this case whether a judge's failure to poll the jury when requested to do so is always reversible error. See Turner v. Kelly, 262 F.2d 207 (4th Cir. 1958). Polling is a right established by rule in a federal criminal case. See Fed.R.Crim.P. 31. But no such provision was made a part of the Federal Rules of Civil Procedure. It is, however, clearly better practice to grant such a request and error to refuse it. Humphries v. District of Columbia, 174 U.S. 190, 19 S.Ct. 637, 43 L.Ed. 944 (1899); 5 J. Moore, Federal Practice ¶ 49.07 (2d ed. 1968).

Finally, in the event the trial judge on retrial sees fit to deal with foreseeability in this FELA case, he cannot appropriately ignore the guidelines laid down on this subject in Gallick v. Baltimore & Ohio R. R. Co., 372 U.S. 108, 117–22, 83 S.Ct. 659, 9 L.Ed.2d 618 (1963).

Reversed and remanded for new trial.

McCREE, Circuit Judge (concurring).

I concur in the decision to reverse and remand for a new trial because the District Judge's instruction on causation was erroneous. I adopt the language of Senior Judge McAllister in *Tyree* as stating the correct instruction in Federal Employers' Liability Act cases.