**Carl MAYHEW, Jr.; Diana Lee Mayhew, Plaintiffs–Appellants,**

v.

**BELL STEAMSHIP COMPANY, et al., Defendants–Appellees.**

No. 89–3155.

United States Court of Appeals, Sixth Circuit.

Argued June 4, 1990.

Decided Oct. 29, 1990.

Dennis M. O'Bryan (argued), Howard M. Cohen, Birmingham, Mich., for plaintiffs-appellants.

R. Jeffrey Pollock (argued), Burke, Haber & Berick, Cleveland, Ohio, for defendants-appellees.

Before KEITH and NORRIS, Circuit Judges; and DUGGAN,* District Judge.

* The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

DUGGAN, District Judge.

Plaintiff, Carl Mayhew, Jr., appeals from a jury verdict rendered in his favor and against defendant, Bell Steamship Company, in the district court. Plaintiff contends that the jury awarded inadequate damages as a result of the district judge erroneously excluding certain evidence. Plaintiff seeks a new trial on the issue of damages, only. For the reasons set forth below, we AFFIRM.

It is undisputed that on December 4, 1986, plaintiff slipped on ice and suffered severe lumbosacral strain while carrying heavy lines across a boat owned by defendant. Plaintiff and his spouse filed this Jones Act/negligence and Maritime Law/unseaworthiness action against defendant seeking damages resulting from this injury. Evidence presented at trial revealed that plaintiff has had a long history of back and neck problems, both prior to and subsequent to the December 4th incident. The jury determined that defendant was negligent and that such negligence was a cause of plaintiff's injury on December 4th. Damages resulting from defendant's negligence were awarded in the amount of $45,000.

Plaintiff, however, contends that despite the prior medical problems alluded to above, the December 4th fall caused an injury that resulted in a herniated disc necessitating surgical treatment with discectomies on November 23, 1987, for which he should have been awarded greater damages. He further contends that the other medical problems alluded to above were not significant and did not preclude the fall of December 4, 1986, from being a cause of plaintiff's discectomies and resulting disability. Plaintiff relied on the testimony of Dr. Nebel, his treating physician, as support for his claim that the discectomies were a result of the fall on December 4, 1986.

On appeal, plaintiff argues that the district court erred in partially granting defendant's motion *in limine* and excluding portions of Dr. Nebel's deposition testimony. Plaintiff contends that a proper application of Jones Act principles of law mandates admission of this testimony which relates to the causal relationship between the incident of December 4, 1986, and plaintiff's herniated or prolapsed disc. In particular, plaintiff asserts that part of the stricken testimony contained "the only direct evidence plaintiff had that his disc herniation was a result of the December 4, 1986 incident[.]" (Plaintiff's Appeal Brief, p. 11, emphasis omitted).

■ The trial court has broad discretion in admitting and excluding expert testimony, and we will sustain the Court's action unless it is manifestly erroneous. *Taylor v. Burlington Northern R. Co.*, 787 F.2d 1309, 1315, (9th Cir.1986), *citing, Salem v. United States Lines Co.*, 370 U.S. 31, 35, 82 S.Ct. 1119, 1122, 8 L.Ed.2d 313 (1962) (further citations omitted). Thus, we review for an abuse of discretion. *Omar v. Sea–Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir.1987). After careful review of the briefs and the record we find that the district court did not abuse its discretion when it excluded the portions of Dr. Nebel's testimony, and thus, did not err when it partially granted defendant's motion *in limine*.

■ The Jones Act, 46 U.S.C.App. § 688, grants "each seaman the right to damages resulting from the shipmaster's negligence." *Daughenbaugh v. Bethlehem Steel Corp.*, 891 F.2d 1199, 1203 (6th Cir. 1989). The Court's application of the Jones Act must follow the judicially developed doctrine of liability granted to railroad workers by the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 et seq. FELA "provides for liability when an injury results in whole or in part from the negligence of the employer." *Id.*, *at* 1204 (citations omitted). " '[T]he test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought.' " *Id.* *citing Rogers v. Missouri Pacific Railroad Co.*, 352 U.S. 500, 506, 77 S.Ct. 443, 448, 1 L.Ed.2d 493 (1957). Interpretation of the Jones Act relies upon the general principles of maritime law which include "a special

solicitude for the welfare of those men who ... venture upon hazardous and unpredictable sea voyages." *Id.* (citations omitted).

While it is true that in a Jones Act suit the employer's negligence need only play "any part, even the slightest," in producing the injury, it is likewise true that it is the jury's function to "determine all factual issues where the jury can *reasonably draw* the particular inference or conclusion submitted to it." *Foltz v. Burlington Northern R. Co.*, 689 S.W.2d 710 (Mo.App.1985), (emphasis added), *citing Sentilles v. Inter–Caribbean Shipping Corp.*, 361 U.S. 107, 110, 80 S.Ct. 173, 175, 4 L.ED.2d 142 (1959), and *Rogers v. Missouri Pacific R. Co.*, *supra.* As stated in the FELA case of *Moody v. Maine Central R. Co.*, 823 F.2d 693, 695 (1st Cir.1987):

> although a [FELA or Jones Act] plaintiff need not make a showing that the employer's negligence was the *sole* cause, there must be a sufficient showing (i.e., *more than a possibility* ) that a causal relation existed.

*Id.,* (second emphasis added), *See also, Rewis v. United States*, 503 F.2d 1202, 1204–1205 (5th Cir.1974) (citing *Sentilles, supra,* for the proposition that it is the function of the fact finder to determine whether proper medical treatment *"would likely have prevented"* the injury. *Id.* (emphasis in original)), and *Bach v. Trident Shipping Co., Inc.*, 708 F.Supp. 776, 782 (E.D.La.1989) (same).

In the present case, the district court reviewed the deposition testimony of Dr. Nebel and found that certain portions should be stricken because the testimony was speculative. An example of the type of testimony excluded by the district court is Dr. Nebel's statement that "it's *suspicious* that it *could have* been the [December 4th] incident that induced the fifth lumbar disc prolapse." (Joint Appendix at 228) (emphasis added). The district court opined that it

> did not read the *Sentilles* case as overruling the general rule of evidence that medical evidence has to have some reasonable basis and have some degree of certainty, ...

Joint Appendix at 164.

■ This Court agrees. Although a Jones Act plaintiff need not present medical evidence that the defendant's negligence was *the* proximate cause of the injury, we believe that a medical expert must be able to articulate that there is more than a mere possibility that a causal relationship exists between the defendant's negligence and the injury for which the plaintiff seeks damages.

■ The testimony excluded by the district court was given at a time when plaintiff's counsel alleges he was attempting to elicit "direct testimony of a medical expert that an accident resulted in a herniated disc." (Plaintiff's brief, p. 21). Reviewing Dr. Nebel's testimony as a whole, this Court is convinced that plaintiff could not elicit such "direct" testimony from Dr. Nebel. Dr. Nebel did not testify with *any* degree of certainty, as to whether the December 4th incident resulted in a herniated disc. We do not believe that *Sentilles*, or any of the cases relied upon by plaintiff,[1]

---

1. *See e.g., Foltz, supra,* and *Central Golf Steamship Corp. v. Sambula*, 405 F.2d 291 (5th Cir. 1968). This Court is aware of the fact that one of the cases relied upon by plaintiff, *Omar v. Sea–Land Service, Inc.*, 813 F.2d 986 (9th Cir. 1987), cites *Sentilles* for the broad proposition that, "[s]peculative and hypothetical medical testimony is admissible in Jones Act suits." *Id.* at 991. We are not persuaded by plaintiff's citation to *Omar* for two reasons. First, the *Omar* court was reviewing the admission of hypothetical medical testimony. In particular, two conflicting hypotheses, one that the defendant's negligence caused the plaintiff's injury, and the other that the plaintiff's difficulties were psy- chological. We believe that such testimony could be admissible in most cases, but that the same does *not* hold true for speculative medical expert testimony. Second, the *Omar* court states that *"Sentilles* held that a jury could properly infer that a shipboard accident caused the plaintiff's illness even where no medical witness could offer conclusive evidence." *Id.* We believe that this summation of the *Sentilles* holding relates to the principle that the defendant's negligence need only play the slightest part in plaintiff's injury, but does not stand for the proposition that speculative medical expert testimony must be admitted to prove that the defendant's negligence was *the* cause of the injury.

**964**

stand for the proposition that such testimony *must* be admitted in a Jones Act suit.

Plaintiff further contends that the district court applied a "reasonable degree of medical certainty" standard which is a proximate cause standard, and that proximate cause standards are foreign to Jones Act cases. Again, however, plaintiff's citation to *Hausrath v. New York Central Company*, 401 F.2d 634 (6th Cir.1968), as support for the argument that this requires reversal, in unavailing. The *Hausrath* court held that reversal was required because the district court had stated 15 times during the jury charge that the plaintiff had to prove that the defendant's negligence was *the* proximate cause of the injury. The district court in the present case did not rule that plaintiff had to be able to prove that the December 4, 1986, injury was the sole cause of the discectomies; nor has plaintiff pointed to jury instructions similar to those in *Hausrath*. Instead, the district court merely held that the stricken testimony was speculative and thus not proper expert medical testimony.

■ As stated previously, we believe that speculative medical testimony is not admissible in Jones Act suits. However, because of the relaxed standards applied in FELA and Jones Act suits, we do not believe that a medical expert must be able to articulate to a "reasonable degree of medical certainty" that the defendant's negligence had a causal relationship with the injury and disability for which the plaintiff seeks damages. Instead, we believe that such a medical expert must be able to articulate that it is likely that the defendant's negligence, or more than possible that the defendant's negligence, had a causal relationship with the injury and disability for which the plaintiff seeks damages. We believe that the district court in the present case, did, in fact, apply such a standard.

Accordingly, we hold that the district court did not abuse its discretion in excluding the speculative medical expert testimony.

For the foregoing reason we AFFIRM the judgment of the District Court.