JULIA SMITH GIBBONS,
concurring.
I concur in the majority opinion but add a few observations about the common law negligence claim against Maxim. Our review of the district court’s decision to exclude Nightenhelser’s testimony is for abuse of discretion, and we have previously recognized the deference owed to a district court in its decisions about admissibility of expert evidence. See, e.g., Mayhew v. Bell S.S. Co., 917 F.2d 961, 962 (6th Cir.1990); V & M Star Steel v. Centimark Corp., 678 F.3d 459, 466 (6th Cir.2012). While the district court was correct in its assessment that Nightenhelser could not say exactly how the fall of the panel occurred after the movement of the crane, the district court required too much. Nightenhelser was unequivocal in his opinion excluding scenarios other than that the crane moved improperly, the panel became dislodged as a result of this movement, and the dislodging ultimately caused the panel to fall. Although certainly the issue is disputed, the opinion that the crane moved is adequately supported by Nightenhelser’s reliance on principles of physics (which are described in his affidavit with considerably more specificity than the district court took into account). The jury can decide whether or not the crane moved in evaluating his testimony and any lay testimony bearing on the issue. Nightenhelser’s lack of a definite opinion as to every aspect of how the fall of the panel occurred relates more to the jury’s evaluation of his core opinion than to the admissibility of his testimony. Nightenhelser’s opinions are thus sufficiently reliable to permit their consideration by a jury. As a final matter, despite Maxim’s arguments to the contrary, Nightenhelser seems clearly qualified to testify in the areas about which he was questioned. Thus, I conclude that the district court did abuse its discretion in excluding his testimony.
If Nightenhelser’s testimony is admitted, there is sufficient evidence for the jury’s consideration as to whether Maxim breached its duty of care and whether its actions caused the death of Dilts. Thus, summary judgment on the common law negligence claim was improperly granted.