## HUMPHRIES *v.* DISTRICT OF COLUMBIA.

ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 230. Argued April 4, 1899. — Decided May 1, 1899.

In this case a jury was empanelled, trial had, and the case submitted on the 30th of November, 1896, with the following written instructions: "When the jury agree upon a verdict, write it out, all of the jurors sign it, date it, seal it up and deliver to the foreman, to be delivered in open court on the 1st day of December, 1896, and in the presence of all who sign it." On the 1st of December the jury returned the following verdict in writing signed by all. The official record of the proceedings is as follows: "Come here again the parties aforesaid in manner aforesaid, and the same jury return into court, except John T. Wright, who does not appear, and having said sealed verdict in his possession as foreman sends the same to the court by Dr. McWilliams, who delivers the same to the court with the statement that the said John T. Wright is ill and

confined to his bed and physically unable to appear in court; that he, said McWilliams, is his attending physician, and as such received from said Wright said sealed verdict with direction to deliver it to the court; whereupon the defendant, by its counsel, objected to the reception, opening and reading of said sealed verdict; whereupon, in answer to the questions of the court, the remaining jurors severally on their oath say that they severally signed said verdict, and that they saw said John T. Wright sign the same, and that the name " John T. Wright," signed thereto, is in his handwriting; " thereupon the remaining jurors on their oath say they find said issue in favor of the plaintiff and assess her damages by reason of the premises at seven thousand dollars ($7000)." The counsel for the defendant ask that the jury be polled, which is done, and each of said remaining jurors on his oath says that he finds said issue in favor of the plaintiff and assesses her damages by reason of the premises at $7000.00.   Judgment was entered on this verdict against the District. It was contended by the District, which contention was sustained by the Court of Appeals, that this judgment was a nullity.  *Held,* That the defect complained of was merely a matter of error, which did not render the verdict a nullity.

THIS case is before the court on error to the Court of Appeals of the District of Columbia.   The facts are these :  On May 22, 1896, the plaintiff in error filed an amended declaration in the Supreme Court of the District, claiming damages from the defendant, now defendant in error, on account of injuries caused by a defective condition of the bridge between Washington and Anacostia — a condition resulting from the negligence of the defendant.   A jury was empanelled, trial had, and the case submitted to it on November 30, with instructions to return a sealed verdict.   The instructions and the verdict were returned on the morning of December 1, and were in the following form:

"When the jury agree upon a verdict, write it out, all of the jurors sign it, date it, seal it up and deliver to the foreman, to be delivered in open court on the 1st day of December, 1896, and in the presence of all who sign it.

Elizabeth M. Humphries
    *v.*                       No. 38281.   At Law.
The District of Columbia.

Dated *November* 30, 1896.

"We, the jurors sworn to try the issue joined in the above-

entitled cause, find said issue in favor of the plaintiff, and that the money payable to him by the defendant is the sum of seven thousand dollars and — cents ($7000.00).

All sign:

| | |
|---|---|
| MICHAEL KEEGAN. | LESTER G. THOMPSON. |
| W. H. ST. JOHN. | WM. J. TUBMAN. |
| GEO. W. REARDEN. | JOHN T. WRIGHT. |
| JAMES D. AVERY. | JOS. I. FARRELL. |
| BERNARD F. LOCRAFT. | ISAAC N. ROLLINS. |
| GEO. W. AMISS. | THOS. J. GILES." |

The proceedings on December 1 are thus stated in the record:

"Come here again the parties aforesaid in manner aforesaid, and the same jury return into court, except John T. Wright, who does not appear, and having said sealed verdict in his possession as foreman sends the same to the court by Dr. McWilliams, who delivers the same to the court with the statement that the said John T. Wright is ill and confined to his bed and physically unable to appear in court; that he, said McWilliams, is his attending physician, and as such received from said Wright said sealed verdict with direction to deliver it to the court; whereupon the defendant, by its counsel, objected to the reception, opening and reading of said sealed verdict; whereupon, in answer to the questions of the court, the remaining jurors severally on their oath say that they severally signed said verdict, and that they saw said John T. Wright sign the same, and that the name 'John T. Wright,' signed thereto, is in his handwriting; 'thereupon the remaining jurors on their oath say they find said issue in favor of the plaintiff and assess her damages by reason of the premises at seven thousand dollars ($7000).'

"The counsel for the defendant ask that the jury be polled, which is done, and each of said remaining jurors on his oath says that he finds said issue in favor of the plaintiff and assesses her damages by reason of the premises at $7000."

Upon this verdict a judgment was entered. Proceedings in error were taken, but were dismissed by the Court of

Appeals on account of a failure to have the bill of exceptions prepared in time. Thereafter, and at a succeeding term, the defendant filed a motion to vacate the judgment on the ground that there was no valid verdict, which motion was overruled. On appeal to the Court of Appeals this decision was reversed and the case remanded, with instructions to vacate the judgment, to set aside the verdict and award a new trial. 12 App. D. C. 122. This ruling was based on the proposition that the verdict was an absolute nullity, and therefore the judgment resting upon it void, and one which could be set aside at any subsequent term.

*Mr. Arthur A. Birney* for plaintiff in error.

*Mr. S. T. Thomas* and *Mr. A. B. Duvall* for defendant in error.

MR. JUSTICE BREWER, after stating the case, delivered the opinion of the court.

The single question presented by the record, the right to review which is sustained by *Phillips* v. *Negley,* 117 U. S. 665, is whether the verdict, returned under the circumstances described, was an absolute nullity, or, at least, so far defective that no valid judgment could be entered upon it. Such is the contention of the defendant. On the contrary, the plaintiff insists that whatever irregularities may have occurred, or be apparent in the proceedings, they are simply matters of error, to be corrected on direct proceedings within the ordinary time, and in the customary manner for correcting errors occurring on a trial. Is the defect or irregularity disclosed a mere matter of error or one which affects the jurisdiction? The opinion of the Court of Appeals, announced by Mr. Justice Morris, is an exhaustive and able discussion of the question, arriving at the conclusion that the verdict was an absolute nullity, and therefore the judgment, based upon it, one that could be set aside, not merely at the term at which it was rendered, but at any subsequent term.

While appreciating fully the strength of the argument made by the learned judge, we are unable to concur in the conclusions reached. That the verdict returned expressed at the time it was signed the deliberate judgment of the twelve jurors, cannot be questioned. That it remained the judgment of the eleven at the time it was opened and read is shown by the poll that was taken, and that it was still the judgment of the absent juror at the time he forwarded it to the court is evident from the testimony. So the objection runs to the fact that at the time the verdict was opened and read each of the twelve jurors was not polled, and each did not then and there assent to the verdict as declared. That generally the right to poll a jury exists may be conceded. Its object is to ascertain for a certainty that each of the jurors approves of the verdict as returned; that no one has been coerced or induced to sign a verdict to which he does not fully assent. It is not a matter which is vital, is frequently not required by litigants; and while it is an undoubted right of either, it is not that which must be found in the proceedings in order to make a valid verdict. Take the case suggested on argument. Supposing the twelve jurors are present, and the defeated party insists upon a poll of the jury and that right is denied, can it be that a verdict returned in the presence of the twelve by the foreman, without dissent, is by reason of such denial an absolute nullity? Is not the denial mere error, and not that which goes to the question of jurisdiction? There are many rights belonging to litigants — rights which a court may not properly deny, and yet which if denied do not oust the jurisdiction or render the proceedings absolutely null and void.

The line of demarcation between those rulings which are simply erroneous and those which vitiate the result may not always be perfectly clear, and yet that such demarcation exists is conceded. This ruling of the trial court, conceding it to be error, is on the hither side of this line, and could only be taken advantage of by proceedings in error. It is not so vital as to make the verdict a nullity or the judgment entered thereon void. Suppose, after the jury, at the end of a protracted trial, have agreed upon the verdict and come into

court to announce it, and after it has been read in open court but before a poll can be had one of the jurors is suddenly stricken dead, can it be that the whole proceeding theretofore had become thereby a nullity? Can it be that after each of the jurors has signed the verdict and after it has been returned and each is present ready to respond to a poll, the mere inability to complete the poll and make a personal appeal to each renders the entire proceedings of the trial void? We are unable to assent to such a conclusion. The right to poll a jury is certainly no more sacred than the right to have a jury, and under many statutes a trial of a case, in which a jury is a matter of right, without a waiver thereof, has again and again been held to be erroneous and subject to correction by proceedings in error. But it is also held that an omission from the record of any such waiver is not fatal to the judgment.

"The fourth alleged error is to the effect that the judgment in the Kansas court was void because the cause was tried by the court without the waiver of a trial by jury entered upon the journal. Whatever might be the effect of this omission in a proceeding to obtain a reversal or vacation of the judgment, it is very certain that it does not render the judgment void. At most it is only error, and cannot be taken advantage of collaterally." *Maxwell* v. *Stewart*, 21 Wall. 71. "A trial by the court, without the waiver of a jury, is at most only error." *Same case*, 22 Wall. 77.

If a trial without a jury, when a jury is a matter of right and no waiver appears of record, is not fatal to the judgment, *a fortiori* the minor matter of failing to poll the jury when it is clear that the verdict has received the assent of all the jurors, cannot be adjudged a nullity, but must be regarded as simply an error, to be corrected solely by direct proceedings in review. See in reference to the distinction between matters of error and those which go to the jurisdiction, the following cases: *Ex parte Bigelow*, 113 U. S. 328; *In re Coy*, 127 U. S. 731; *In re Belt*, 159 U. S. 95; *In re Eckart*, 166 U. S. 481.

We are of opinion that the defect complained of was merely

a matter of error, and does not render the verdict a nullity.

*The judgment of the Court of Appeals will therefore be reversed and the case remanded with instructions to affirm the judgment of the Supreme Court of the District of Columbia.*