SAMUEL L. VOSS and ALICE JONES *v.* STATE OF
TENNESSEE.

(*Nashville*, December Term, 1954.)

Opinion filed April 7, 1955.

WILLIAM THOMAS McHUGH and DEWEY W. PEDIGO, both of Nashville, for plaintiff in error.

KNOX BIGHAM, Assistant Attorney General, for the State.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The defendant, Voss, has appealed from a conviction of murder in the first degree with a sentence of death by electrocution imposed by the jury, and his co-defendant, Alice Jones, has appealed from a conviction of murder in the second degree, the jury fixing her punishment at 20 years in the State penitentiary. Both of the defendants

were ably represented by counsel appointed by the trial judge. The defendant, Voss, alone has assigned errors. We have carefully examined the entire record to determine if any reversible error was committed as to Alice Jones, although her counsel elected not to file any assignments of error.

The two defendants were jointly indicted for the murder of Lewis Hutchinson, and later convicted, and their punishment assessed by the jury as above stated. The counsel for Voss filed assignments of error, following the action of the trial judge in overruling his motion for a new trial, as follows: (1) There is no evidence to support the verdict. (2) The evidence preponderates against the verdict. (3) The verdict is contrary to the law.

In support of these assignments the counsel insists that the court erred in admitting over the defendant's objection the testimony of Officer Robert Alexander with reference to the finding of the body of one "Mr. Cox", which it is said was prejudicial.

We dispose of this contention at this time as being not prejudicial since there is nothing before us to show that the witness in any way intimated that Voss was involved in the murder of Mr. Cox.

It is next insisted that the court erred in admitting in evidence the confession of his co-defendant, Alice Jones, because "it was made out of his presence". We find this to be without merit since the proof conclusively shows that Voss was closer to the officer taking her confession than was Alice Jones, the two being separated by an open door.

Before considering other assignments relating to the alleged insufficiency of the evidence to sustain the conviction of these defendants, and especially Voss, we first give a summary of the evidence. The defendants intro-

duced no evidence other than an expert psychiatrist, Dr. Billig, who testified as to Voss's mentality. Neither of the defendants testified.

At the time the defendants were arrested by two police officers they were living together, though unmarried, in a room at 406—9th Avenue, North, in the City of Nashville. The officers were in search of one Edward Snell who, by chance, happened to be present temporarily in the same room. The officers had every reason to believe that Snell was directly involved in the murder of Mr. Cox. From an examination of the record we find that they were fully justified in their belief that Snell was an active participant in the slaying of Mr. Cox, and that the murder was committed for the purpose of robbery.

These officers entered the room occupied by Voss, Alice Jones and Snell without a search warrant and also without a warrant authorizing the arrest of either of them. All three were taken in custody and carried to police headquarters and placed in jail. Upon the foregoing statement of the facts, we hold that the entry into this room was authorized without a search warrant, and the arrest was lawful. *Jones* v. *State,* 161 Tenn. 370, 33 S. W. (2d) 59. It further appears that at the time of the arrest a number of incriminating items were found in Voss' room such as some bloody clothing, bloody money and some shotguns. In view of the incriminating articles found by the officers when they first entered the room, they would be fully justified in believing that the other occupants of the room were also implicated in the felony. This being true the arrest of Voss and the Jones woman was lawful without a warrant. It is settled under all our decisions that an officer may make a search without a warrant as an incident to a lawful arrest. *Van Pelt* v.

*State,* 193 Tenn. 463, and cases cited on page 472, 246 S. W. (2d) 87, on page 90, and also this right to search is not restricted to the person of a prisoner but to his immediate surroundings. *United States* v. *Rabinowitz,* 339 U. S. 56, 57, 70 S. Ct. 430, 94 L. Ed. 653, 655.

Shortly after the three were lodged in jail by the officers they returned to the same room and, without a search warrant, again searched the premises. Upon this second search they found a dismantled shotgun and a money bag which was stolen by the culprit who had murdered Mr. Hutchinson and robbed the liquor store where he was employed. The discovery of this money bag was convincing evidence that Voss and Alice Jones were parties to the crime.

The insistence of the defendant's counsel is that the second search was unlawful and all the evidence relating to articles found at that time should have been excluded. In support of this contention the counsel rely upon a statement in 79 C. J. S., Searches and Seizures, Sec. 67, p. 844, as follows:

"There is no limit on the length of time of the search, but an officer may not return and make a subsequent search after making the arrest and departing from the premises."

Only one case is cited to support the text, to wit, *Rippy* v. *State,* 122 Tex. Cr. R. 101, 53 S. W. (2d) 619, 623.

The foregoing authority is not applicable here because the arrest of Rippy by Texas officers was held to be unlawful. Of course, in these circumstances any search, made as an incident to his arrest, was likewise unlawful. The case at bar differs from the holding in Rippy's case in that the arrest of Voss, Alice Jones and Snell was lawful, and the search of the premises immediately follow-

ing their arrest was clearly justified under the authorities above cited.

Considering next the question of the second search of the premises occupied by Voss and his co-defendant, i. e. whether or not it was unreasonable and in violation of the constitutional inhibition against "unreasonable searches and seizures." In *United States* v. *Rabinowitz,* supra [339 U. S. 56, 70 S. Ct. 434], it is said:

"What is a reasonable search is not to be determined by any fixed formula. The Constitution does not define what are 'unreasonable' searches and, regrettably, in our discipline we have no ready litmus-paper test. The recurring questions of the reasonableness of searches must find resolution in the facts and circumstances of each case. *Go-Bart Importing Co.* v. *United States,* 282 U. S. 344, 357, 51 S. Ct. 153, 158, 75 L. Ed. 374, [382]. Reasonableness is in the first instance for the District Court to determine."

We cannot say that the second search of Voss' room was unauthorized and that the evidence tendered and admitted was the result of an unlawful search. It conclusively appears from the record before us that the arresting officers, having lodged their prisoners in jail, returned at once to make a further and more thorough search of the premises for evidence connecting them with the murder of Mr. Hutchinson. The time which elapsed between the arrest, the immediate search and this second search was of such short duration that we are justified in holding that the second search was merely a continuation of the first. It cannot be considered as unreasonable in any legal sense.

But the earnest insistence of defendant's counsel that the search was illegal loses much of its probative force

by reason of the fact that Voss voluntarily confessed his guilt of murdering Mr. Hutchinson. He made no denial of it nor offered any evidence that it was not freely and voluntarily made. Moreover it is not shown that he was advised as to what evidence of his guilt was discovered in the second search of his room, and hence was an inducement for him to make the confession.

While the defense of insanity was interposed on behalf of Voss the only evidence offered to sustain it was the deposition of Dr. Otto Billig, an expert psychiatrist. In his testimony Dr. Billig expressed the opinion that Voss ''was a constitutional psychopathic personality'' and probably ''suffered from a panic reaction''. However, he also gave it as his opinion that he knew the difference between right and wrong.

The guilt of Alice Jones is based upon her own written confession and the testimony of Edward Snell. In her confession she undertook to explain her presence at the liquor store at the time it was robbed by Voss and his slaying Mr. Hutchinson. She insisted she was there to use the telephone to call up her husband, and while using the phone Voss entered with a ''sawed-off'' shotgun and robbed the place after ordering both herself and Mr. Hutchinson to lie down on the floor. She later *fled and went to her room*. Upon Voss' return ''he had some money now and would take his clothes and pump gun out of pawn''; that he bought her a dress and some shoes.

The testimony of Snell was that Voss tried to induce him to take part in the robbery of the liquor store, but he refused; that on the night of the crime he, Voss and Alice Jones left the room. Voss had the sawed-off shotgun at that time. Alice was wearing ''overalls'' at the

time, and "he had never seen her dressed like this before." When all the evidence is considered we cannot say that it preponderates in favor of her innocence. The verdict of the jury and sentence by the trial judge is sustained and affirmed.

The assignments of error on behalf of Voss are overruled and the judgment of the trial court is affirmed. The defendant is ordered transferred to the State penitentiary where the sentence of death by electrocution will be carried into effect on the 15 day of April, 1955, as the law directs.