Juan **JACA HERNANDEZ**, Petitioner, Appellant,

v.

Gerardo **DELGADO**, Warden of the Commonwealth Penitentiary of Puerto Rico, Respondent, Appellee.

No. 6766.

United States Court of Appeals First Circuit.

April 5, 1967.

George L. Weasler, Santurce, P. R., and Santos P. Amadeo, Rio Piedras, P. R., with whom Gilberto Concepcion de Gracia, Rio Piedras, P. R., was on brief, for appellant.

Adaljisa Diaz De Collazo, Asst. Sol. Gen., with whom J. B. Fernandez Badillo, Sol. Gen., was on brief, for appellee.

Before ALDRICH, Chief Judge, MARIS * and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

This appeal from the denial of a petition for habeas corpus raises one claim, that petitioner, now serving a life sentence, was unconstitutionally deprived of his right to poll the jury. Petitioner was tried in the Puerto Rico Superior Court in April, 1951, and convicted on four charges of murder and six other charges. The announced vote of the jury was 10 to 2.[1] In Puerto Rico at this time a verdict of nine or more jurors was sufficient. Fournier v. Gonzalez, 1 Cir., 1959, 269 F.2d 26. It affirmatively appears, fn. 1, supra, that petitioner made no request for a poll. He appealed this conviction, but, again, said nothing about a poll. The conviction was affirmed. People v. Jaca Hernandez, 1954, 77 P.R.R. 437. Seven years later new counsel sought unsuccessfully to raise the present issue by a local habeas corpus proceeding. Jaca Hernandez v. Delgado, 1961, 82 P.R.R. 389. Petitioner then turned to the federal court.

At the outset petitioner seeks to create a diversion by claiming that he was pre-

---

\* By designation.

1. "Court: Did you reach an agreement?
   Foreman: Yes, Your Honor.
   Court: Gentlemen of the Jury: Is this your verdict?
   Each Juror Answers: Yes, Your Honor.
   Court: By a Majority?
   Foreman: Yes, Your Honor, by a majority * * *

Court: * * * Gentlemen of the Jury, what was the proportion of the majority by which these verdicts were rendered?
   Foreman: Ten against two, Your Honor.
   Court: Ten for Guilty and two for Not Guilty?
   Foreman: Yes, Your Honor.
   Court: The gentlemen of the Jury may withdraw."

vented from requesting a poll by a Puerto Rico statute. There are several answers to this. In the first place the statute in question did not in terms forbid the defendant's making a request, nor the court's granting it. If petitioner had lost an absolute right, it does not appear that the court had been deprived of a discretion.[2] Secondly, as petitioner claims (in another connection) with some force, the statute would quite possibly have been construed by the Puerto Rico court not to apply, ex post facto, to crimes already committed. The court suggested as much in Jaca Hernandez v. Delgado, supra, at 401. Cf. Fernandez Ortega v. Rivera, 1950, 70 P.R.R. 859 (law prohibiting probation is not to be retrospectively applied). See also Emmanuelli Fontanez v. District Court, [1953], 74 P.R.R. 506. Defendant made no attempt to assert this at trial. Finally, if the denial of a right to poll the jury is unconstitutional, the trial court might have so held, and invalidated the statute, upon the matter being brought to its attention.

Not having sought to poll the jury, petitioner's rights are not affected one way or the other by the existence of the December 1950 statute. With or without it, his obligation must now be to show, a) that the right to poll the jury is of constitutional proportions, and b) that it is of such dimension that there was, in effect, an obligation upon the court to inform him of it before it could be claimed that his failure to make a request was a waiver.

It is true that the right to poll the jury is one of long standing in both the federal, see Miranda v. United States, 1 Cir., 1958, 255 F.2d 9, 17–18, and most state courts, see Annotation, Accused's Right to Poll of Jury, 49 A.L.R.2d 619. However, the right is usually a statutorily created one. See Jaca Hernandez v. Delgado, supra, at 399 n. 13. Several jurisdictions have concluded that, in the absence of statute, no right to poll the jury exists. E. g., Commonwealth v. Goldenberg, 1959, 338 Mass. 377, 155 N.E.2d 187, cert. den. 359 U.S. 1001, 79 S.Ct. 1143, 3 L.Ed.2d 1032; State v. Tucker, 1959, 146 Conn. 410, 151 A.2d 876. Some others have held that it is within the discretion of the trial court to permit the defendant to poll the jury. E. g., State v. Grierson, 1949, 96 N.H. 36, 69 A.2d 851. The Supreme Court has never had occasion to pass on the question, but its statements in a civil case on the nature of the right to poll do not indicate that it considers the right to be constitutionally protected. Humphries v. District of Columbia, 1899, 174 U.S. 190, 19 S.Ct. 637, 43 L.Ed. 944. The only other reported case[3] we find that considers the question held that there was no constitutional right to poll. Brooks v. Gladden, 1961, 226 Or. 191, 358 P.2d 1055.

Petitioner engages in a lengthy discussion, but cites no case holding that a right to poll the jury is of such moment that its refusal is a denial of due process. However, even if the right is of constitutional stature, petitioner must go further. He was not denied a jury poll, for he

---

2. At the time of petitioner's alleged offenses section 290 of the Criminal Code of Puerto Rico of 1935, as amended by Act No. 11 of August 19, 1948, provided as follows.

"When a verdict is rendered, and before it is recorded, the jury may be polled at the request of either party, in which case they must be severally asked whether it is their verdict, and if it is not the verdict of at least three-fourths (¾) of the jury, the jury must be sent out for further deliberation."

This section was repealed, Act No. 7 of December 29, 1950, four months before petitioner went to trial. No affirmative provisions were substituted.

3. In Voss v. State of Tennessee, 198 Tenn. 135, 278 S.W.2d 667 (preliminary ed.), the Supreme Court of Tennessee held that the right to poll the jury is not an element of due process guaranteed by the 14th amendment. See the article entitled Whether Defendant Possesses an Inviolate Right to Poll Jury Following Return of Verdict, 33 Chicago Kent L.R. 361 (1955), as this case was not published in the corresponding bound volume.

never requested it. Even fundamental constitutional rights may be waived. See Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Fay v. Noia, 1963, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 2d 837. Petitioner is obliged to assert that a right to poll the jury is of such constitutional proportions that it must be shown that, knowing of its existence, he deliberately failed to claim it.

 Where it appears that injury to a defendant is certain, or at least probable, there may be some burden to show that it was intentionally accepted. However, a defendant might well think it pointless to require a jury poll. It must be rare that members of a jury would listen to, or speak collectively in support of, their foreman, and immediately thereafter contradict themselves if asked to speak individually. In this situation we would not place a burden on the government when the conviction is collaterally attacked to show that counsel's failure to make a request was intentional. Situations where the court must interrupt proceedings and ask counsel whether his silence was deliberate, rather than negligent, must be exceptional, or our entire judicial process under which reliance is placed upon counsel would have to be changed. Cf. Nelson v. People of State of California, 9 Cir., 1965, 346 F.2d 73.

We have researched this particular matter in depth, and have not only found no case holding that the right to poll a jury is not waived by failure to request it, but have found a number which have held the reverse. E. g., United States v. Dye, 1945, W.D.Ky., 61 F.Supp. 457, 459; State v. Vaszorich, 1953, 13 N.J. 99, 98 A.2d 299, cert. den. 346 U.S. 900, 74 S.Ct. 219, 98 L.Ed. 400.

Under these circumstances we do not pause to consider another difficulty. In the ordinary case the injury to a defendant by the denial of a constitutional right is readily apparent, or at least inferable. If damaging evidence has been admitted, if he has been de-

prived of the right to counsel, injury may fairly be presumed. Here petitioner does not even suggest a basis for an inference that a poll would have revealed that the foreman's announcement of the verdict was erroneous. The phrase "unconstitutional conduct" is an important one. It is not, however, the total equivalent of "Open sesame."

Affirmed.