Donald **BAKER** et al., Appellants,

v.

**SHERWOOD CONSTRUCTION CO., Inc.,**
Appellee.

No. 10180.

United States Court of Appeals
Tenth Circuit.

April 17, 1969.

Rehearing Denied May 29, 1969.

David E. Deatherage, Tulsa, Okl., for appellants.

Dan A. Rogers, Tulsa, Okl. (Bonds, Matthews & Mason, Muskogee, Okl., on the brief), for appellee.

Before MURRAH, PICKETT and HOLLOWAY, Circuit Judges.

PER CURIAM.

This appeal presents only the question of whether an alleged denial of a party's request to poll a jury after a verdict requires a reversal of the judgment entered

thereon. We assume that any party to an action has a right to have a jury polled upon a timely request.[1] The record shows that in this case the jury returned to the courtroom after its deliberation and advised the court that it had reached a verdict. The court examined the verdict and announced that it was in order and directed the clerk to read it. After the verdict had been read, the court inquired of the jury collectively in the traditional manner, " * * * (I)s this your verdict so say each of you?" There was no negative response by any juror, nor was there at that time a request by any of the parties that the jury be polled. Apparently the members of that jury panel were to be excused from further jury service, and the court took occasion to thank them for their services, at the conclusion of which the court stated, "Alright, you may go." Baker's attorney then addressed the court, stating, " * * (I)f we are entitled to it, we would like to poll the jury." The court's response was that the jury had been discharged. The court then asked if there was anything further to be brought to its attention. There being no response, the court was recessed.

■■ It appears from the record that counsel acquiesced in the court's response to his request. In any event, no objection was made, and the court was not advised of any reason why there should be any further proceeding relative to polling the jury. The record fails to disclose whether at the time the request was made the jury had dispersed or whether in fact all members were present and subject to being polled. This being the state of the record, there was no proper objection taken to the court's action as required by Rule 46, Federal Rules of Civil Procedure. Occidental Petroleum Corporation v. Walker, 10 Cir., 289 F.2d 1. In Schramm v. Oakes, 10 Cir., 352 F.2d 143, 148, this court said: "Rule 46 contemplates that a dissatisfied party make known to the trial court the action desired or his objection. The purpose for this rule is obviously to allow the trial court to reconsider his rulings so that the trial court may correct its own possible errors. * * * "

Affirmed.

---

1. Moore's Federal Practice, Vol. 5, ¶ 49.07; Barron & Holtzoff, Federal Practice and Procedure, Vol. 2B, § 1060; Humphries v. District of Columbia, 174 U.S. 190, 19 S.Ct. 637, 43 L.Ed. 944; Harrison v. Paramount Pictures Inc., E.D.Pa., 115 F.Supp. 312; Finn v. Carnegie-Illinois Steel Corp., W.D.Pa., 68 F.Supp. 423.