Epstein, *Moore's Federal Practice* ¶ 30.53[5] (2d ed. 1982), this was not such a case.

 The district court also properly denied McLaughlin's motion to compel the testimony of Mrs. Copeland Senior and Phillips under the "conspiracy theory." Courts that have approved the exercise of long-arm jurisdiction pursuant to the conspiracy theory typically require the plaintiff to make a threshold showing, *inter alia,* that a conspiracy existed and that the defendants participated therein. *See, e.g., McLaughlin v. Copeland,* 435 F.Supp. 513, 529–33 (D.Md.1977). After a careful review of the documents submitted by McLaughlin, the district court concluded that "they [did] not tend to prove that a conspiracy existed or that defendants conspired or participated in the concealment of a conspiracy." Finding no *prima facie* showing of conspiracy by McLaughlin, the district court denied his motion to compel and granted defendants' motion for a protective order. Once again, we conclude that the district court properly exercised its discretion in denying the discovery sought by McLaughlin. *See Lehigh Valley Industries, Inc. v. Birenbaum,* 527 F.2d 87, 93–94 (2d Cir.1975). And it need hardly be added that the court's refusal to vacate its order upon McLaughlin's later motion, as supplemented by the Factual Submission, was equally appropriate.

### III

For the foregoing reasons, the district court judgments are affirmed.

After a review of the record and briefs, and oral argument, we decline to assess attorneys' fees against McLaughlin on appeal, and the appellees' request therefor is denied.

AFFIRMED.

UNITED STATES of America, Appellee,

v.

Roy Clifford BLANKENSHIP, Appellant.

No. 82–5106.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 14, 1983.

Decided May 13, 1983.

W. Sidney Trivette, Pikeville, Ky. (Daniel L. Crandall, Roanoke, Va., on brief), for appellant.

J. Gaston B. Williams, Asst. U.S. Atty., Roanoke, Va. (John P. Alderman, U.S. Atty., Roanoke, Va., on brief) for appellee.

Before RUSSELL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.

PER CURIAM:

This is an appeal by Roy Clifford Blankenship from his jury conviction for conspiracy to commit bank robbery and possession of stolen bank funds in violation of 18 U.S.C. §§ 371 and 2113(c).[1] He contends on appeal (1) that all of the jurors did not vote on the verdict against him, thereby violating his constitutional right of due process; (2) that the trial court's *Allen* charge was improper; (3) that the jury verdict was inconsistent; and (4) that the disclosure by the government that one of its witnesses at one time had participated in the Witness Protection Program was prejudicial. Finding no merit in any of appellant's grounds of appeal, we affirm.

On January 22, 1981, the Grundy National Bank of Hurley, Virginia, a bank insured by the Federal Deposit Insurance Corporation was robbed of about $311,000. Two armed individuals wearing ski masks and heavy clothing entered the bank and took the money at gunpoint while a third individual waited outside in a pickup truck. The bank officials gave general descriptions of the robbers' features and clothing. Other witnesses identified Lockhart as getting out of the truck down the road a short time after the robbery while wearing coveralls identified by the bank manager. Appellant fit the general description of the second robber in the bank.

Delores Diane Blankenship, appellant's wife, testified at trial that she observed her husband, Ferrell and Lockhart at her home at 8:00 a.m. on the morning of the robbery. The trio discussed the plan to rob the bank and gathered ski masks, coveralls and gloves before departing. She further testified that when the group later returned to the house, she helped them divide the money, observed them burn clothing and heard them discuss the details of the robbery. Evidence was presented which showed substantial purchases by Blankenship and Ferrell and of an expensive party, drug and sex spree by Lockhart after the robbery. There was also evidence of an earlier aborted plan to rob the bank in December of 1980 by

---

1. Appellant Blankenship was indicted along with Carl Edward Lockhart and Lance J. Ferrell for bank robbery and four underlying substantive offenses. Blankenship was found guilty of conspiracy to commit bank robbery and possession of stolen bank funds. Lockhart was found guilty on all counts and Ferrell was found not guilty on all counts. Only Blankenship has appealed.

Blankenship, Lockhart and a Roy Lee Smith. When the government's witness Roy Lee Smith testified the government introduced evidence of Smith's prior involvement in the Witness Protection Program. Smith testified that he was no longer involved in the program and on cross-examination testified to the benefits he received from that program.

Blankenship and Ferrell offered alibi defenses and Lockhart did not testify.

The case was submitted to the jury at about 3:00 p.m. on a Friday afternoon. The jury returned to the court room at about 8:00 p.m. without having reached a verdict. The trial judge then gave the jury a modified *Allen* charge, [*Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896)], to which defense counsel objected, contending that it was unduly coercive.

At about 9:30 p.m. the jury returned their verdicts. The Court on its own motion had the jury polled and all jurors responded unqualifiedly that the verdicts were their own. The trial judge then expressed his dismay for the verdicts and adjourned court. Both parties to the appeal interpret this expression of dismay differently. The appellant says that the district judge's remarks were indicative of how he had conducted the proceedings prior to his remarks. The government contends that the trial judge's post-trial remarks have no bearing upon the fairness of the instructions to the jury and the manner in which the *Allen* charge was given.

After court was adjourned a juror told a newspaper reporter that she and possibly three other jurors had not voted on the verdicts.

■ Blankenship argues that all of the jurors did not vote on his verdict and that therefore he was deprived of his right to a unanimous verdict. Under Fed.R.Crim.P. 23(b) the accused in federal court has a right to a jury trial by twelve jurors. That right may be waived under certain circumstances, but no such waiver exists in this case. Consistent with Rule 23(b), Fed.R. Crim.P. 31(a) states that "[t]he verdict shall

be unanimous. It shall be returned by the jury to the judge in open court." And under Rule 31(d) any party making the request or the court on its own motion has a right to poll the jury to determine if there is unanimous concurrence of the jurors in the verdict. If there is no such unanimity the jury may be either discharged or be directed to retire for further deliberations.

■ In this case the various verdicts were read in open court. Blankenship was found guilty of two counts and not guilty of the remaining three counts. The court had the jury polled and all responded that the verdicts were their own. The newspaper article relating a juror's comments that she and others had not voted on all of the ballots cannot undermine the validity of the final verdict in this case.

In *United States v. Schroeder,* 433 F.2d 846 (8th Cir.) *cert. denied,* 400 U.S. 1024, 91 S.Ct. 590, 27 L.Ed.2d 636 (1971), the court, in a case very similar to the instant case, set forth the dispositive rule in this connection:

"The general rule is that jurors may not impeach their verdict . . . . After a jury has given its verdict, has been polled in open court and has been discharged, an individual juror's change of mind or claim that he was mistaken or unwilling in his assent to the verdict comes too late. Under the circumstances of the case, the verdict must stand unimpeached." 433 F.2d at 851 (Citations and notes omitted)

*See also, United States v. Vannelli,* 595 F.2d 402, 407 (8th Cir.1979), (Juror note to court that she had made "the wrong decision" could not disrupt verdict after verdict was read in court and juror assented to verdict in jury poll); *United States v. Johnson,* 495 F.2d 1097, 1103 (5th Cir.1974), ("[A] jury verdict cannot be impeached by evidence of intrinsic as opposed to extrinsic influences on juror deliberations," thus, the verdict was not disturbed for allegations of improper negotiations in the jury room); *United States v. Chereton,* 309 F.2d 197, 201 (6th Cir.1962), (Affidavits disclosing secret jury deliberations would not be considered in an attack on the verdict as against public policy regarding the secrecy of the jury

room. "Courts have not favored inquisitions of jurors feeling that jurors may be intimidated, vexed or harassed thereby and that the practice might lead to dangerous consequences of jury tampering with the result that no verdict would be safe.") See, e.g., Harrison v. State, 340 So.2d 849 (Ala. Cr.App.1976), cert. denied, 340 So.2d 854 (Ala.1976) where the court held that "[t]he trial court assured itself of the unanimity of the verdict by asking each individual juror if the verdict reflected his individual judgment of the case. A juror who responds in the affirmative to such question should not be later heard to impugn the verdict and certainly not by mere conclusions and hearsay." Also supportive of this conclusion is the principle that "[v]otes in the jury room prior to being returned in open court are merely preliminary and are not binding on the jury, any member of which is entitled to change his or her mind up until the trial court's acceptance of the verdict." United States v. Chinchic, 655 F.2d 547, 549–50 (4th Cir.1981). See also, United States v. Taylor, 507 F.2d 166, 168 (5th Cir.1975); 3 C. Wright, Federal Practice and Procedure, § 517 at 32 (1982); United States v. Nelson, 692 F.2d 83, 84–85 (9th Cir.1982); and the Annotation "When Is Jury Verdict in Federal Criminal Trial Final," 27 A.L.R.Fed. 643 (1976).

Under the circumstances of this case the verdict returned by the jury to the Judge in open court and determined by a poll that there was a unanimous concurrence of the jurors cannot now be impugned.

■ Appellant contends that the modified Allen charge given in this case was unduly coercive and that the inconsistency of the verdict is indicative of such coercion. The modified Allen charge, given after the jury had deliberated some three hours,[2] was within the permissible limits of the guidelines in United States v. Sawyers, 423 F.2d 1335, 1338 n. 4 (4th Cir.1970), and the integrity of the verdict was not impaired by the Allen charge as given.

Appellant says the verdict was inconsistent in that he was convicted of conspiracy to commit bank robbery and possession of stolen bank funds, but acquitted on the charge of armed robbery, assault on bank employees and possession of firearms in the bank; the most apparent inconsistency being in the acquittal for bank robbery as opposed to the conviction for possession of stolen bank funds.

■ An inconsistent verdict in a multicount indictment is not grounds for reversal. Dunn v. United States, 284 U.S. 390, 393, 52 S.Ct. 189, 190, 76 L.Ed. 356 (1932). The reasoning of the jury in acquitting appellant of three of the substantive counts while convicting him of one substantive charge and a conspiracy charge can only be the subject of speculation. "It is the court's function to determine solely whether the verdict represents the juror's position; the court should not inquire into the reasoning process or motivation behind the verdict." Roy v. Star Chopper Co., Inc., 584 F.2d 1124, 1136 (1st Cir.), cert. denied, 440 U.S. 916, 99 S.Ct. 1234, 59 L.Ed.2d 466 (1979).

■ Appellant also contends that the introduction of the evidence that the witness Roy Lee Smith had participated in the Witness Protection Program was irrelevant and prejudicial to the defendants. The prejudicial effect alleged is that the government's witness' involvement in the program gave the jury the impression that the defendants were dangerous people.

In this case the fear that the jury would consider the defendants dangerous is unjustified. Since Smith had testified that he was already out of the government program the inference that he joined the program in fear of the defendants is not warranted. The defense cross-examined Smith extensively about the past benefits he had received from the program as in the case of United States v. Partin, 552 F.2d 621, 644–45 (5th Cir.1977), cert. denied, 434 U.S. 903, 98 S.Ct. 298, 54 L.Ed.2d 189. Also, as in

---

2. The jury did not reach a verdict for some three and one-half hours after the Allen charge had been given.

*Partin,* there is no evidence in this case that the government tried to exploit the fact that the witness had been in the program. Thus, as in *Partin,* no clear error is apparent in the court's allowance of this evidence at trial.

The judgment of conviction in this case is accordingly

AFFIRMED.