**UNITED STATES of America, Appellee,**

v.

**Stephen Edward CARTER, Appellant.**

**No. 84–5261.**

United States Court of Appeals, Fourth Circuit.

Argued May 9, 1985.
Decided Aug. 8, 1985.

Christine Witcover Dean, Raleigh, N.C., for appellant.

Rangeley Wallace, Dept. of Justice, Washington, D.C. (William D. Delahoyde, Asst. U.S. Atty., Samuel T. Currin, U.S. Atty., Raleigh, N.C., on brief), for appellee.

Before WINTER, Chief Judge, HALL, Circuit Judge, and BUTZNER, Senior Circuit Judge.

K.K. HALL, Circuit Judge:

Stephen Edward Carter appeals his jury convictions of conspiring to attempt to damage and destroy a building by fire and conspiring to travel in interstate commerce with intent to commit arson, in violation of 18 U.S.C. §§ 371, 844(i), and 1952(a) (Count I); attempting to damage and destroy a building by fire, in violation of 18 U.S.C. § 844(i) (Count II); and two counts of traveling in interstate commerce with intent to promote or facilitate arson, in violation of 18 U.S.C. § 1952(a) (Counts III and IV).

On appeal, Carter raises five issues: (1) that there was insufficient evidence to convict him of Counts II, III, and IV; (2) that the trial court erred in failing to give de-fendant's requested voir dire questions concerning the jurors' attitudes toward the presumption of innocence and the burden of proof; (3) that the government improperly "manufactured" federal jurisdiction of Counts III and IV; (4) that defendant was entrapped on all counts; and (5) that the trial judge's refusal to conduct an individual jury poll violated defendant's Sixth Amendment right to a unanimous verdict and his rights under Fed.R.Crim.P. 31(d).[1]

Upon review of the record, briefs, and oral argument, we conclude that none of appellant's contentions rise to the level of reversible error. We, accordingly, affirm the convictions.

We find, however, that the last issue, concerning the manner in which the trial court conducted the jury poll, merits our attention. Following the return of the guilty verdict, the trial judge, *sua sponte*, addressed the jurors as follows: "Members of the Jury, as so many of you have agreed that Mr. Ainsley, as your foreman, has correctly reported your verdict, please indicate by raising your right hand." The record reveals that all hands were raised. Carter's counsel then moved for an individual review of each juror's response. This motion was denied. Carter asserts that the court's poll constitutes reversible error.

We reject the contention that the manner of polling selected by the trial judge violates defendant's constitutional right to a unanimous verdict. We can find no authority which holds that the right to a poll is of constitutional dimension. *See United States v. Shepherd*, 576 F.2d 719, 724 (7th Cir.), *cert. denied*, 439 U.S. 852, 99 S.Ct. 158, 58 L.Ed.2d 155 (1978); *Hernandez v. Delgado*, 375 F.2d 584, 585 (1st Cir.1967).

Moreover, we recognize that Fed.R.Crim.P. 31(d) does not prescribe the manner in which the poll is to be conducted, and that "[t]he trial court has substantial discretion to decide how the jury should be polled." *United States v. Mangieri*, 694 F.2d 1270, 1282 (D.C.Cir.1982). *See also,*

---

1. Fed.R.Crim.P. 31(d) provides as follows: When a verdict is returned and before it is recorded the jury shall be polled at the request of any party or upon the court's own motion. If upon the poll there is not unanimous concurrence, the jury may be directed to retire for further deliberations or may be discharged.

*United States v. Aimone,* 715 F.2d 822, 833 (3d Cir.1983), *cert. denied,* — U.S. ——, 104 S.Ct. 3585, 82 L.Ed.2d 883 (1984).

Although we cannot conclude that the trial judge abused his discretion in polling the jurors by asking for a show of hands, we recommend that in the future, when a poll is conducted at the request of a party or on the court's own motion, each juror be asked to respond individually whether he agrees with the verdict as announced. We find that such a procedure best fulfills the purpose of a jury poll. As the First Circuit stated in *Miranda v. United States,* 255 F.2d 9, 17 (1st Cir.1958):

> The object is to give each juror an opportunity, before the verdict is recorded, to declare in open court his assent to the verdict which the foreman has returned and thus to enable the court and the parties to ascertain with certainty that a unanimous verdict has in fact been reached and that no juror has been coerced or induced to agree to a verdict to which he has not fully assented.

Thus, although the procedure employed by the trial judge here is not reversible error, we strongly suggest that in future cases district courts in this Circuit follow the method of polling jurors recommended in this opinion.

AFFIRMED.