Albert G. AUDETTE,
Plaintiff, Appellant,

v.

ISAKSEN FISHING CORPORATION,
Defendant, Appellee.

No. 85–1901.

United States Court of Appeals,
First Circuit.

Argued March 6, 1986.

Decided April 24, 1986.

Thomas J. Hunt with whom Law Offices of Thomas J. Hunt, Boston, Mass., was on brief, for plaintiff, appellant.

Thomas E. Clinton with whom William H. Welte and Clinton & Muzyka, P.C., Boston, Mass., were on brief, for defendant, appellee.

Before CAMPBELL, Chief Judge, TORRUELLA, Circuit Judge, and MALETZ,[*] Senior Judge.

MALETZ, Senior Judge.

This appeal concerns the status of and procedure for jury polls in civil actions. Plaintiff-appellant Albert G. Audette contends that the district court abused its discretion and, among other things, effectively denied him his right to poll the jury when it entered judgment for defendant-appellee Isaksen Fishing Corporation on count one of the complaint. We affirm.

I. *Background*

On June 29, 1983, Audette, a fisherman working aboard the F/V HUNTRESS, was injured when he slipped on track roller lubricant on the deck and fell. He commenced an action under the Jones Act, 46 U.S.C. § 688 (1982), and the general mari-

---

[*] Of the United States Court of International Trade, sitting by designation.

time law theory of unseaworthiness.[1] The district court submitted to the jury a special verdict form, which read in pertinent part as follows:[2]

1. (a) Was the defendant, Isaksen Fishing Corporation, negligent?
   ANSWER: YES___ NO___
   (b) If so, was that negligence a proximate cause of the injury to plaintiff?
   ANSWER: YES___ NO___

2. (a) Was the F/V HUNTRESS unseaworthy?
   ANSWER: YES___ NO___
   (b) If so, was that unseaworthiness a proximate cause of the injury to the plaintiff?
   ANSWER: YES___ NO___

During deliberations, the jury advised the district judge that it was unable to agree on the negligence question, 1(a), but was able to reach agreement on the related proximate cause question, 1(b). After consulting with counsel, the court instructed the jury that it was permitted to answer 1(b) first, but that it would remain obligated to attempt to answer 1(a) unanimously, even if the answer to 1(b) were negative and thus compelled a verdict for Isaksen on the Jones Act claim. The district court further instructed the jury that it was permitted to consider questions 2(a) and 2(b) first.

Later, the jury advised the court that it was unanimous on all questions except 1(a) and that "[i]t does not appear we will be able to reach unanimous agreement on this question." The court directed the jury to continue its deliberations. Approximately one hour and thirty-five minutes later, the court determined, with the agreement of counsel, that in the event the jury remained deadlocked on interrogatory 1(a):

I'll take a partial verdict. The verdict will be what it is, but there will be a mistrial declared on Count 1, which is the negligence count.

Shortly thereafter, the jury advised the district court that it remained deadlocked on question 1(a). The court determined that it would be an undue imposition on the jury to require further deliberations and therefore took a partial verdict. In accordance with the court's order, the jury foreman wrote in response to interrogatory 1(a): "We were unable to reach agreement on this question." The answers to interrogatories 1(b), 2(a), and 2(b) were all negative. The clerk read these questions and answers aloud and inquired: "So say you, Mr. Foreman? So say you all members of the jury." The record then indicates: "[All replied with a verbal 'yes.']"

Immediately thereafter, the following transpired:

THE COURT: Ladies and gentlemen of the jury, in accordance with your verdict, the Court declares a mistrial with regard to Count 1 of the complaint, the negligence claim, and orders that judgment be entered for the defendant on Count 2, the unseaworthiness claim.

Counsel, is there anything further at this time?

MR. CLINTON [attorney for Isaksen]: No.

MR. HUNT [attorney for Audette]: Nothing.

THE COURT: Ladies and gentlemen of the jury, this concludes your service, important service in this case.

Five days later, the district court advised the parties that it intended to enter judgment for Isaksen on count one as well as count two, because the jury's unanimous answer to interrogatory 1(b)—that the negligence of Isaksen was not a proximate cause of Audette's injury—amounted to a verdict for Isaksen on the Jones Act claim. After considering submissions by the parties, the court entered judgment for Isak-

---

1. Additional claims for maintenance and cure were settled by the parties.

2. Interrogatory number 1 of the special verdict form dealt with Audette's Jones Act claim while interrogatory number 2 covered his unsea-

worthiness claim. Other interrogatories, not relevant to this appeal, were addressed to comparative negligence, damages, and prejudgment interest.

sen on counts one and two of the complaint, and this appeal followed.

## II. *Reconsideration of the Mistrial*

Audette contends that the district court erred in reconsidering its initial declaration of a mistrial on count one. He argues that this reconsideration, after dismissal of the jury, not only deprived him of his rights to poll the jury and to object to jury instructions but also lacked an adequate foundation in the jury's responses to the interrogatories. We discuss the jury polling issue in part III of this opinion. Audette's other arguments need not detain us long.

First, there is no merit to Audette's contention that the trial judge's change of heart on the granting of a mistrial deprived him of an opportunity to object to jury instructions, since, under the contemporaneous objection rule, Fed.R. Civ.P. 51, the time for objection had passed. *See O'Brien v. Papa Gino's of America, Inc.,* 780 F.2d 1067, 1075 (1st Cir.1986). Nor is there merit to Audette's argument that the partial verdict was insufficient to support a judgment for Isaksen on count one. Rather than duplicate Audette's "analytical acrobatics," *id.* at 1071, we find it quite simple "to harmonize the jury's answers," *id. See Gallick v. Baltimore & Ohio Railroad,* 372 U.S. 108, 119, 83 S.Ct. 659, 666, 9 L.Ed.2d 618 (1963); *Gosnell v. Sea-Land Service, Inc.,* 782 F.2d 464, 466–67 (4th Cir.1986); *Davis v. West Community Hospital,* 755 F.2d 455, 465 (5th Cir.1985). In short, the jury's unanimous finding that any negligence by Isaksen was not a proximate cause of the plaintiff's injuries suffices to support—indeed, compels—a judgment for defendant on count one. *See Skyway Aviation Corp. v. Minneapolis, Northfield & Southern Railway,* 326 F.2d 701, 704 (8th Cir.1964); *cf. Kissell v. Westinghouse Electric Corp.,* 367 F.2d 375, 376 (1st Cir.1966) (partial verdict finding contributory negligence by plaintiff suffices to support verdict for defendant). Therefore, the district court was correct in reconsidering its declaration of a mistrial on count one.

## III. *Jury Polling*

Withal, Audette claims that the district court erred in changing its position on count one after the jury had been discharged, since this effectively denied him the right to seek a poll of the jury. Although Audette never asked the court to poll the jury, he contends that the right was not waived. He argues that he had no incentive to seek a poll when the verdict was read, inasmuch as he perceived a benefit in the declaration of a mistrial and the attendant opportunity to relitigate his Jones Act claim. Thus, according to Audette, he was lulled into a false sense of security and deprived of a substantial right.

Our evaluation of Audette's contentions is governed by the harmless error rule. "[N]o error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial ... or otherwise disturbing a judgment ..., unless refusal to take such action appears to the court inconsistent with substantial justice." Fed.R. Civ.P. 61. We have explained why the jury's answers provided ample support for a verdict for Isaksen and why Audette had lost his opportunity to object to jury instructions. In determining whether Audette's being lulled into not requesting a jury poll constituted an error sufficient to clear the hurdle of rule 61, we must consider the place of jury polling in civil actions.

### A. *The Purpose of Jury Polling*

Polling the jury gives effect to each juror's "right to change his mind about a verdict to which he has agreed in the jury room," *United States v. Shepherd,* 576 F.2d 719, 724 (7th Cir.), *cert. denied,* 439 U.S. 852, 99 S.Ct. 158, 58 L.Ed.2d 155 (1978), even though "the likelihood of such a change of mind is remote," *id.* at 725. Additionally, "[t]he purpose of the poll is to test the uncoerced unanimity of the verdict by requiring 'each juror to answer for himself, thus creating individual responsibility, *eliminating any uncertainty* as to the verdict announced by the foreman.'"

*United States v. Mathis,* 535 F.2d 1303, 1307 (D.C.Cir.1976) (per curiam) (quoting *Frady v. United States,* 348 F.2d 84, 88–89 (D.C.Cir.) (en banc) (quoting *State v. Vaszorich,* 13 N.J. 99, 126, 98 A.2d 299, 314, *cert. denied,* 346 U.S. 900, 74 S.Ct. 219, 98 L.Ed. 400 (1953)), *cert. denied,* 382 U.S. 909, 86 S.Ct. 247, 15 L.Ed.2d 160 (1965) (emphasis in original)). *Accord United States v. McClintock,* 748 F.2d 1278, 1293 (9th Cir.1984) (purpose of jury poll is to insure each member agrees with verdict and to discover possible coercion), *cert. denied,* —— U.S. ——, 106 S.Ct. 75, 88 L.Ed.2d 61 (1985); *United States v. Spitz,* 696 F.2d 916, 917 (11th Cir.1983) (same); *United States v. Love,* 597 F.2d 81, 85 (6th Cir.1979) (purpose of jury poll is to make certain that unanimity has been achieved).

In its most important opinion on the role of the jury poll in civil cases, the Supreme Court stated:

> That generally the right to poll a jury exists may be conceded. Its object is to ascertain for a certainty that each of the jurors approves of the verdict as returned; that no one has been coerced or induced to sign a verdict to which he does not fully assent. It is not a matter which is vital, is frequently not required by litigants; and while it is an undoubted right of either, it is not that which must be found in the proceedings in order to make a valid verdict.

*Humphries v. District of Columbia,* 174 U.S. 190, 194, 19 S.Ct. 637, 638–39, 43 L.Ed. 944 (1899).

▆▆▆ While this court has recognized that the right to have the jury polled "is of ancient origin and of basic importance," *Miranda v. United States,* 255 F.2d 9, 17 (1st Cir.1958), it has read *Humphries v. District of Columbia* as an indication that the Supreme Court does not consider the right constitutionally protected, *Jaca Hernandez v. Delgado,* 375 F.2d 584, 585 (1st Cir.1967). Accordingly, failure to request a poll generally constitutes a waiver. *Id.* at 586; *accord United States v. Beldin,* 737 F.2d 450, 455 (5th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 572, 83 L.Ed.2d 512 (1984); *United States v. Hockridge,* 573 F.2d 752, 759 n. 19 (2d Cir.), *cert. denied,* 439 U.S. 821, 99 S.Ct. 86, 58 L.Ed.2d 112 (1978).[3]

The right to a jury poll has been codified in rule 31(d) of the Federal Rules of Criminal Procedure, but is not provided for by the Federal Rules of Civil Procedure. *See Hausrath v. New York Central Railroad,* 401 F.2d 634, 638 (6th Cir.1968). The Third Circuit has reserved decision on "whether a party may demand a poll of the jury in a civil action as a matter of right or whether that decision is commended to the discretion of the district court upon motion by counsel." *Kazan v. Wolinski,* 721 F.2d 911, 916 n. 5 (3d Cir.1983).[4] In any event, we need not reach the issue reserved in *Kazan,* because we find that the polling procedure employed by the district court strongly indicated that the verdict was fully concurred in by all jurors, rendering the district court's subsequent entry of judgment for Isaksen on count one consistent with substantial justice.

### B. *Polling Procedure*

Polling the jury typically entails inquiring of each juror whether he agrees with the verdict as recited by the foreperson or as recorded on the verdict form. But it is well-established that, if the district court decides to poll the jury at all, the "court has substantial discretion to decide how the jury should be polled." *United States v.*

---

**3.** Once the jury is discharged, it is too late to request a poll. *See Baker v. Sherwood Construction Co.,* 409 F.2d 194, 195 (10th Cir.1969) (per curiam); 5A J. Moore & J. Lucas, Moore's Federal Practice ¶ 49.07, at 49–50 & n. 10 (2d ed. 1985); 9 C. Wright & A. Miller, Federal Practice and Procedure § 2504, at 491 & n. 33 (1971).

**4.** Although the Court in *Humphries v. District of Columbia,* 174 U.S. 190, 19 S.Ct. 637, 43 L.Ed. 944 (1899), refused to upset the verdict received without a poll, it implied that the result might have been different had the case arrived on direct appeal rather than by way of a collateral attack upon the judgment. *Id.* at 195, 19 S.Ct. at 639; *see United States v. Taylor,* 507 F.2d 166, 169 (5th Cir.1975).

*Mangieri,* 694 F.2d 1270, 1282 (D.C.Cir. 1982); *see United States v. Shepherd,* 576 F.2d 719, 722 n. 1 (7th Cir.) (manner of polling is left to discretion of trial judge; best practice is for court or clerk of court to ask each juror individually whether verdict announced is his verdict), *cert. denied,* 439 U.S. 852, 99 S.Ct. 158, 58 L.Ed.2d 155 (1978).

Thus, the Sixth Circuit has stated:

A jury is polled to determine whether the announced verdict is in fact the verdict of each of the jurors, and may be accomplished by a questioning of them individually, or, as here, *by ascertaining the fact of unanimous concurrence by a general question.*

*Fortenberry v. New York Life Insurance Co.,* 459 F.2d 114, 115 (6th Cir.) (per curiam) (dictum) (emphasis added), *cert. denied,* 409 U.S. 981, 93 S.Ct. 316, 34 L.Ed.2d 245 (1972). *Cf. United States v. Carter,* 772 F.2d 66, 67–68 (4th Cir.1985) (no abuse of discretion where trial court asked jurors to raise hands as indication of agreement with verdict read by foreperson); *Posey v. United States,* 416 F.2d 545, 553–54 (5th Cir.1969) (poll was sufficient where each juror signed verdict and jurors collectively answered affirmatively when questioned by clerk), *cert. denied,* 397 U.S. 946, 90 S.Ct. 964, 25 L.Ed.2d 127 (1970); *Wieser v. Chrysler Motors Corp.,* 69 F.R.D. 97, 101 n. 2 (E.D.N.Y.1975) (jury poll not necessary when, among other things, "there was no doubt about where everyone stood"). *But cf. Baker v. Sherwood Construction Co.,* 409 F.2d 194, 195 (10th Cir.1969) (per curiam) (upholding court's refusal to poll after dismissal of jury; impliedly assuming that collective inquiry "is this your verdict so say each of you?" did not constitute poll).

## C. *The District Court's Procedure*

■ Against this background, the record before us indicates that the jurors were not polled individually. It also shows, however, that all jurors answered "yes" when asked collectively whether the verdict recited was correct. The district court apparently saw no need to go further, probably because neither party asked for individual polling, albeit for reasons that seemed strategically sound in the context of the putative mistrial on count one.[5] The facts and circumstances strongly indicate that the verdict was fully concurred in by all jurors, because (1) each juror answered affirmatively, if collectively, when asked to confirm the foreperson's written verdict and (2) the verdict was internally consistent and consistent with the notes the jury had sent indicating a deadlock on question 1(a). Inasmuch as no juror took the opportunity to dissent from the verdict as read and there was little reason to suspect that the verdict as read did not reflect the jury's findings, individual polling was not necessary, especially in the absence of a demand therefor. In these circumstances, we hold that the district court's entry of judgment on count one over Audette's objection that he was thereby effectively denied the right to poll the jury was not inconsistent with substantial justice within the meaning of rule 61.

■ This is not to say that individual polling is without benefit. We think that in its discretion a district court may find it advisable to conduct an individual jury poll, even in the absence of a request by counsel. *Cf. United States v. Carter,* 772 F.2d 66, 68 (4th Cir.1985) (recommending that polls conducted at request of party or on court's own motion be individual); *Turner v. Kelly,* 262 F.2d 207, 211 (4th Cir.1958) (if

5. It is quite possible that defendant Isaksen wished to avoid an individual poll for fear that it might reveal an absence of unanimity on count two, thus upsetting the verdict for defendant on the unseaworthiness claim. Audette's motive was clear: he did not wish to subject the jury's disagreement on question 1(a) to closer scrutiny, lest that disagreement be converted to unanimity. For even a unanimous "yes" in response to question 1(a)—*i.e.,* a finding of negligence by Isaksen—would compel a verdict for *defendant* because of the negative answer to the proximate cause interrogatory, 1(b).

jury is polled, individual questioning is consonant with etymological derivation of "poll" and with trend of authority). The court has an independent interest in guaranteeing that the verdict recited by the foreperson truly reflects the conclusion of the jury.[6]

Additionally, the burden placed on the court by individual jury polling is hardly onerous. Even where a twelve-member jury is involved, the procedure takes but a few minutes. Although the poll will rarely uncover a lack of unanimity,[7] it is in those rare—but not unknown—cases of last minute dissent that individual polling proves its value. While a collective inquiry posed to all jurors occasionally will ferret out dissent, it cannot be as effective as individual polling, which, by requiring each juror to speak for himself, combats the possible inclination of a dissenter to remain silent, and so helps to assure an accurate verdict.

### IV. *Conclusion*

We hold that the polling procedure employed below provided an adequate guarantee of unanimity under all the circumstances. We have fully considered Audette's other arguments and find them without merit. Accordingly, the judgment of the district court is

*Affirmed.*

**6.** Additionally, individual polling has been viewed as an important justification for the stricture of rule 606(b) of the Federal Rules of Evidence making inadmissible post-trial affidavits by jurors who seek to impeach a verdict. *See United States v. Luciano,* 734 F.2d 68, 71 (1st Cir.1984); *United States v. Blankenship,* 707 F.2d 807, 809–10 (4th Cir.1983) (per curiam) (collecting cases); *United States v. Weiner,* 578 F.2d 757, 764 (9th Cir.) (per curiam), *cert. denied,* 439 U.S. 981, 99 S.Ct. 568, 58 L.Ed.2d 651 (1978); *United States v. Jamison,* 493 F.2d 823, 824 (6th Cir.) (per curiam) (court of appeals had remanded for evidentiary hearing on post-trial affidavit by juror that she had not voted to convict; jury had been polled collectively), *cert. denied,* 419 U.S. 847, 95 S.Ct. 83, 42 L.Ed.2d 76 (1974); *United States v. Schroeder,* 433 F.2d 846, 851 (8th Cir.1970), *cert. denied,* 400 U.S. 1024, 91 S.Ct. 590, 27 L.Ed.2d 636, 401 U.S. 943, 91 S.Ct. 951, 28 L.Ed.2d 224 (1971). *Cf. United States v. Gerardi,* 586 F.2d 896, 898 (1st Cir.

1978) (denial of new trial proper where juror who sent post-trial letter expressing misgivings about verdict later advised court in presence of counsel that no one had twisted his arm or exerted influence over him to compel verdict; although jurors had not been polled individually, no juror expressed any uncertainty when verdict returned). Thus, a modicum of effort in individually polling the jury may prove beneficial should a juror or jurors later attempt to upset a verdict.

**7.** Were an individual poll conducted in a case such as this, it would be appropriate to ask each juror whether he agrees with the verdict as recited. Generally speaking, it will not be necessary or advisable to poll the jurors on each count or each interrogatory separately. *See, e.g., United States v. Aimone,* 715 F.2d 822, 833 (3d Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 3585, 82 L.Ed.2d 883, —— U.S. ——, 104 S.Ct. 3586, 82 L.Ed.2d 883 (1984).