836 F.2d 547
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alan COHEN, Defendant-Appellant.
 No. 87-5027.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 6, 1987.
Decided Dec. 23, 1987.
 
 Andrew Cotzin (Joel Hirschhorn, P.A. on brief) for appellant.
 David Earl Godwin, Special Assistant United States Attorney (John P. Alderman, United States Attorney, Thomas O. Mucklow, Special Assistant United States Attorney on brief) for appellee.
 Before HARRISON L. WINTER, Chief Judge, MURNAGHAN, Circuit Judge, and FRANK A. KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Three counts made up the indictment. Count I alleged a conspiracy to possess with intent to distribute marijuana and cocaine. Count II alleged a conspiracy to defraud the United States by evading income taxes. (There were allegations of forty overt acts in furtherance of the conspiracy.) Count III alleged use of the public telephone system in the commission of a felony.
 
 
 2
 The testimony of twenty-eight witnesses was introduced to prove that Alan Cohen, the defendant, was a buyer and seller of marijuana, that he dealt almost exclusively in cash, both in drug-related and other transactions, and that he did not report his drug-related income to the internal Revenue Service (IRS).
 
 
 3
 Some of those witnesses testified that they had engaged in cash transactions with Cohen and that he had suggested they tear up their invoices because he was not going to report the transactions. According to them, they reported the income to the IRS despite Cohen's suggestion. Other witnesses, however, testified that they had bought marijuana from him, both to resell and for personal use, or had joined Cohen in growing large quantities of marijuana on a farm. The witnesses who testified about such marijuana transactions further testified that they had not reported their transactions with Cohen to the IRS.
 
 
 4
 Following trial the jury returned a verdict of "not guilty" for the cocaine-related portion of Count I and for Count III. The marijuana-related portion of Count I and Count II led to guilty verdicts.
 
 
 5
 Cohen raises a panoply of contentions that he was wrongly tried and should be granted either a judgment of acquittal or an order for retrial.
 
 
 6
 The most substantial argument raised by Cohen asserts that the government failed to produce in its proof of conspiracy evidence that anyone agreed with him to defraud the government. However, bearing in mind the clandestine nature of a conspiracy, courts have allowed proof of an agreement underlying a conspiracy where the testimony only establishes a tacit agreement by circumstantial evidence. LaFave & Scott, Criminal Law Sec. 61 at 457; Blumenthal v. United States, 332 U.S. 539, 557 (1947).
 
 
 7
 Cohen attempts to focus attention on those witnesses who testified that they duly made their reports to the IRS despite his suggestion. Clearly as to those witnesses, there was no agreement to support the existence of a conspiracy. However, he has conveniently minimized the other evidence put forward by the government that Cohen had dealt on a cash basis without keeping records or submitting tax returns with several other people who engaged with him in marijuana transactions but failed to make the requisite reports to the IRS.
 
 
 8
 Having considered and rejected that contention, we must turn our attention to other ones made by Cohen which are rather more evidently lacking in substance. For example, he suggests that the jury improperly inferred that he did not personally consume contraband amounting to 100 pounds of marijuana himself and taht the jury could not properly infer that he sold the marijuana instead of "disposing of it by some other means." Putting the contention thus in writing is by itself enough to refute it. The jury rejected the inferences, and were within their right to do so. Glasser v. United States, 315 U.S. 60 (1942).
 
 
 9
 Next, Cohen has argued that, while the indictment alleged commission of a single overall conspiracy to defraud the United States, in fact, the proof at trial established a multitude of separate and independent conspiracies. However, the jury could have found a "chain" conspiracy or a "wheel" conspiracy, or a combination of both. The evidence would have supported such an allegation. See United States v. Bruno, 105 F.2d 921, 922 (2d Cir.1939) (per curiam), rev'd on other grounds, 308 U.S. 287 (1939). The question whether the evidence shows a single conspiracy or multiple conspiracies is properly to be answered by the jury. United States v. Urbanik, 801 F.2d 692, 695 (4th Cir.1986).
 
 
 10
 In the absence of prejudice of Cohen's substantial rights, if the proof should be held actually to establish multiple conspiracies rather than a single one, affirmance should, nevertheless, follow. See Berger v. United States, 295 U.S. 78, 81-84 (1935); United States v. Hines, 717 F.2d 1481, 1489-90 (4th Cir.1983). While Cohen seeks to rely on Kotteakos v. United States, 328 U.S. 750 (1946), the facts in that case included an important distinguishing factor, because several co-conspirators were tried at the same time as Kotteakos. Here Cohen was tried alone, and, therefore, there was not the same risk of a "transference of guilt from one to another across the line separating conspiracies, subconsciously or otherwise." Id. at 774.
 
 
 11
 Cohen has next argued that the trial judge committed reversible error by failing to redact certain prejudicial surplus allegations from the indictment against him. Under Fed.R.Crim.P. 7(d), such striking of surplusage is required:
 
 
 12
 The purpose of Rule 7(d) is to protect a defendant against prejudicial allegations that are neither relevant nor material to the charges made in an indictment, or not essential to the charge, or unnecessary, or inflammatory.
 
 
 13
 United States v. Poore, 594 F.2d 39, 41 (4th Cir.1979) (citations omitted). The review under Rule 7(d) is measured on an abuse of discretion standard. We fail to perceive that, even if some surplusage remained in the indictment, there was prejudice insofar as Cohen was concerned. Cohen advances arguments for redaction based on allegations as to offenses associated with cocaine (for which he was acquitted). However, the test is whether the evidence was relevant at the time it was offered, not whether with hindsight because of acquittal the defendant escaped liability for the offense towards proof of which it was directed. The government sought to establish cocaine violations. It failed to do so, but certainly was entitled to the opportunity to try to succeed. Furthermore, some of the redactions which Cohen argues should have been made were not by any showing of Cohen demonstrated to be prejudicial.
 
 
 14
 As regards evidentiary rulings, Cohen objects to the sending to the jury room of a transcript which, among other things, showed that Cohen had not filed tax returns for 1976 and 1977. The transcript had been denied admission during the course of the trial because the dates were outside the pertinent period. However, by Cohen's counsel's admission, the transcript required expert testimony to be understood and was otherwise unintelligible to a layman. Furthermore, even if it had been capable of reading and comprehending by any of the jurors, they had been instructed to disregard 1976 and 1977. Proof of prejudicial error is, therefore, absent.
 
 
 15
 Cohen's objections to the testimony concerning marijuana transactions in 1976 with Randy Richardson were misplaced. The testimony was relevant to Count II for it alleged a conspiracy to defraud the United States from June 1976 to March 1982. The admission of the testimony under Fed.R.Evid. 404(b) was proper since the testimony constituted evidence of motive, intent and lack of mistake.
 
 
 16
 Cohen has asserted an impropriety in the admission of evidence about a conversation relating to a possible cocaine transaction in 1978 between Cohen and Thomas McCrum. Admission of the evidence was for its relevance to Count II and under Fed.R.Evid. 404(b) for Count I. An appropriate cautionary statement as to the use of the testimony for Count I was given by the district judge, and we perceive no error.
 
 
 17
 At the trial, a history of Cohen's social security earnings was admitted. Cohen argues that social security earnings are limited to wages and can, therefore, understate taxable income. Part of the government's contention was that a proper and legal source for expenditure was lacking, from which fact acquisition of income from illegal drug-related behavior could be inferred. Cohen has argued that the evidence should have been excluded because its value was substantially outweighed by the danger of prejudice. The court, however, required the government to elicit from the witness testifying as to Cohen's social security earnings that the record thereof has limitations in measuring income. The argument that one could have, and properly not report for social security purposes, income or wealth from several sources was one to be made to the jury, but the provision of the evidence, going to the extent of proper income, was not irrelevant. There may not be two sides to every story, but this is one where there is one.
 
 
 18
 Cohen has spent time objecting to the court's refusal to allow his counsel on voir dire to ask prospective jurors questions regarding burden of proof or presumption of innocence, relying on United States v. Hill, 728 F.2d 152 (6th Cir.1984). But Hill reflects a difference of opinion with other circuits. See United States v. Robinson, 804 F.2d 280, 283 (4th Cir.1986); United States v. Carter, 772 F.2d 66, 67 (4th Cir.1985). The voir dire questions put by the district judge and by Cohen's attorney adequately dealt with the possibility of prejudicial attitude and properly tested the qualifications of prospective jurors. The district court repeatedly explained that the defendant is presumed innocent and the burden is on the government to prove guilt beyond a reasonable doubt. It further explained that the defendant can never be required to take the stand. With respect to one juror who had stated that she had had a terrible experience with a drug user and who said that she could be fair "if the defense can prove he is innocent", the district judge probed fully and secured answers from the juror showing that she would require proof beyond a reasonable doubt before voting to convict.
 
 
 19
 The district court allowed Cohen's counsel to ask extensive questions with regard to jurors' backgrounds and their potential biases against the drug case defendant. Therefore, the district judge performed well within his discretion and did not deny the defendant a fair and impartial jury.
 
 
 20
 There has also been an attempt by Cohen to criticize statements made in closing argument by the government. Since he did not make a timely objection at trial, the issue is to be resolved on the basis of whether it was "plain error" for the point not to have been acted on at trial. See United States v. Young, 470 U.S. 1, 6 (1985).
 
 
 21
 The nature of arguments advanced to the jury by Cohen's own counsel invited the response made on behalf of the government. The remarks of the prosecutor did no more than respond in order to right the balance of the scale. See id., at 12-13.
 
 
 22
 The reference to Bar Mitzvah money did not constitute an attempt by the government to appeal to religious prejudice. Counsel for Cohen had elicited testimony that Cohen's financial status was due in part to the fact that he had saved his Bar Mitzvah money. The remarks of the prosecutor in responding to that contention did not rise to the level of plain error.
 
 In sum, the judgment is
 
 23
 AFFIRMED.